Mr. G. Kenneth Gilleland General Counsel, Florida Game and Fresh Water Fish Commission
QUESTION:
Is Florida Wildlife, a by-monthly magazine published by the Florida Game and Fresh Water Fish Commission, a public document as defined in s. 257.05, F.S., and for purposes of the statement of cost data and purpose required by s. 283.27, F.S.?
SUMMARY:
Florida Wildlife, a magazine published and distributed bi-monthly by the Florida Game and Fresh Water Fish Commission, is a public document as defined in s. 257.05(1), F.S., and for purposes of the cost data and purpose statement required to be printed on such publications by s. 283.27, F.S.
Your inquiry states that Florida Wildlife is a bi-monthly publication of the Florida Game and Fresh Water Fish Commission. The magazine is a compilation of articles and features submitted and written by various individuals both within and outside of the agency. The purpose of the publication is to give sportsmen and conservationists both an interesting and informative magazine in order to further appreciation and understanding of Florida's natural resources. The magazine sells for $1 per issue or $5 for a one-year subscription.
You further state that a question has arisen as to whether this magazine is a `public document' as defined in s. 257.05(1), F.S., such that a `cost block' as described by s. 283.27, F.S., is a required part of the publication. You note that it has been the Commission's position that the magazine is not a public document under s. 257.05(1) since the magazine is not distributed free, but is sold on a subscription or issue basis as a magazine. Paid circulation of the magazine is approximately 25,555 and total production per issue is 27,000 copies.
It would appear that the Game and Fresh Water Fish Commission is authorized to produce and promulgate the publication FloridaWildlife pursuant to s. 9, Art. IV, Fla. Const., s. 372.021, F.S. (which provides that the Commission may exercise the powers, duties, and authority granted in the State Constitution by the adoption of rules, regulations, and orders), and Rules 39.2-02(2); 39-2.04(6); 39-2.101(1)(e)2., F.A.C. These rules provide that the Commission's Office of Information Services' activities will include a `conservation information service program.' See also ss. 372.05(7) and 283.102, F.S.
Supplemental information furnished us by personnel in the editorial offices of Florida Wildlife indicates the following. Employees of the Commission are responsible for: part of the writing (the balance done by contributing authors who are paid a small fee) and all of the editing and assembling, while the printing and mailing are contracted for from private concerns. While typesetting is currently contracted out, that function will soon be performed by Commission employees. The most current data available shows that subscription income is approximately $138,000 per annum, the cost of publication is approximately $166,000 per annum, and that the net cost of publication to the Commission is approximately $28,000. Thus, while paid subscriptions meet most of the cost of publication, they do not defray the entire costs of publishing Florida Wildlife.
Section 283.27, F.S., provides in pertinent part:
283.27 Public documents, statement of cost and purpose. —
 (1) Every department or agency of the state which promulgate public documents, as defined in s. 257.05(1), shall cause the following statement, with cost data and purpose inserted, to be printed on the publication adjacent to the identification of the agency responsible for publication: `This public document was promulgated at an annual cost of $. . . . ., or $. . . . . per copy to (statement of purpose).' This statement shall be printed in the same size type as the body copy of the document and shall be set in a box composed of a one-point rule. (Emphasis supplied.)
And s. 257.05(1) defines `public document' as:
257.05 Copies of reports of state departments furnished division. —
 (1) A `public document' as referred to in this section shall be defined as any annual, biennial, regular or special report or publication of which at least 500 copies are printed and which may be subject to distribution to the public. (Emphasis supplied.)
`Regular' is defined in the American Heritage Dictionary of the English Language. 1096 (Rev. ed. 1979), as inter alia, `[o]ccurring at fixed intervals, periodic,' and `publication' is defined by the same dictionary at p. 1057 as, inter alia, `an issue of any printed material offered for sale or distribution; the communication of information to the public.' See also AGO 078-13 for a detailed discussion of the statutory definition of `public document' as set forth in s. 257.05(1) and incorporated by reference in s. 283.27(1), and cf. AGO 073-147 (which concluded that a manual of instructions for tax assessors prepared by the Department of Revenue to instruct and assist tax officials was not a document `subject to distribution to the public' within the meaning of s. 257.05(1), and that therefore, a cost and purpose statement pursuant to s. 283.27(1) would not be required); and AGO 076-76 (which concluded that for purposes of s. 283.28, F.S., the term `public' means those entities and persons other than subordinate or connected entities and officers whose names are kept on a mailing or subscribers' list). Cf. s. 283.28(1)(d), as amended and renumbered by s. 174, ch. 81-259, Laws of Florida (providing a specific exemption from the purging of mailing lists requirement of that section for agencies whose mailing lists consist only of those registered with the agency and whose registration fee shall include payment by the registrants as subscribers). No such exemption is provided in s. 283.27. Thus, from the description (which is set forth in your letter and on page one of the current issue sent us for inspection), it appears that Florida Wildlife is a bi-monthly publication published and distributed by the Commission available by subscription and single copy to the public. Accordingly, I must conclude that FloridaWildlife is a `public document' within the meaning of s.257.05(1).
Section 283.27(1) is clear in its requirement that `[e]very . . .agency of the state which promulgates public documents, as defined in s. 257.05(1)' (emphasis supplied) must print a `cost data and purpose' statement on each such public document or publication. It is a well-established rule of statutory construction that legislative intent be determined primarily from the language of a statute, the reason being that the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of words found in the statute. E.g., Thayer v. State, 335 So.2d 815 (Fla. 1976). Accordingly, I must also conclude that s. 283.27(1) requires that the Florida Game and Fresh Water Fish Commission as an agency of the state include a `cost data and purpose' statement on each issue of FloridaWildlife.
Prepared by: Anne Curtis Terry, Assistant Attorney General