JOHNSON, Judge.
The appellant herein was plaintiff below, and brought suit against the appellee, defendant below, using two counts in its complaint. The first count alleged a breach of contract by appellee, who will be hereinafter sometimes referred to as the Bank, by paying from appellant’s account at said Bank certain funds to a fraudulent employee of appellant. The second count, alleging the same set of facts, charged the Bank with negligence in paying over appellant’s funds on an unauthorized endorsement.
Denial of the material allegations of the complaint was made in the Bank’s answer, along with an affirmative charge that the checks so paid were pursuant to written authorization from appellant to the bank to pay such checks when presented by the employee in question, Mr. Cawthon Davidson; also that said checks in question became bearer instruments under the provisions of Section 674.11, Florida Statutes, F.S.A.
Interrogatories were propounded by ap-pellee as well as a request for certain admissions to be made by appellant. Based upon the answers to the interrogatories and the answer to the requested admissions, the appellee Bank made a motion for summary judgment in its favor, on the ground that there was no genuine issue as to any material fact.
The trial court considered the motion and opposition thereto, as well as the answers to interrogatories and response to request for admissions, and found that all of the checks involved were made payable to fictitious payees and endorsed in the names of such fictitious payees, “and that the other requirements were met so as to render each of the checks, as a matter of law, bearer instruments under the provisions of Section 674.11(3), Florida Statutes [F.S.A.], and other applicable provisions of Chapter 674, F.S.,” and thereby relieved the defendant Bank from liability in cashing said checks and thereupon entered final summary judgment in favor of the defendant and against the appellant, plaintiff.
It is from this judgment this appeal is made.
Appellant raises two points of law in its brief:
“(1) Does a check become a bearer instrument under the provisions of section 674.11(3), F.S., when the name of the payee is furnished to the drawer by an employee knowing it to be fictitious, but the drawer does not know it to be fictitious ?
“(2) Even if such a check be a bearer instrument, does this relieve a bank from liability for negligence in paying out a depositor’s money on an unauthorized endorsement ?”
*250 Appellant contends on point one, that Section 674.11(3) does not mean what it apparently says. By Chapter 29875, Acts of 1955, F.S., Section 674.11(3), F.S.A. was amended by adding to the then existing statute, these words: “or known to his employee, or other agent who supplies a name of such payee.” Prior to such amendment, F.S. Section 674.11(3), F.S.A., read as follows:
“674.11. The instrument is payable to bearer: * * *
“(3) When it is payable to the order of a fictitious or non-existing person, and such fact was known to the person making it so payable.”
It appears clear to us that the legislature could have had no other intent in mind when the amendment was made as pointed out supra, in 1955, than to put the burden on the maker of the otherwise negotiable instrument to protect a bank against fraudulent employees of the maker of said instrument in just such cases as the one sub judice.
It is generally held that if the language of the statute is clear and admits of only one meaning, the Legislature is presumed to have intended what it plainly expressed.[1]
In the instant case all of the checks in question were made payable to fictitious payees, which fictitious names were furnished by an employee or agent of the maker, a fact which is admitted by the plaintiff, and which we think brings the appellant squarely within the provisions of said F.S. Section 674.11(3), F.S.A.
Having determined that the instruments in question were “bearer instruments” under the law, it became immaterial as to the endorsement. We are still confronted here, however, with appellant’s second point raised in its brief, namely: that even though the instrument is a bearer instrument, does this relieve the bank from liability for negligence in paying out a depositor’s money on an unauthorized endorsement ?
The checks in question carried the endorsement of the fictitious payee as. well as thereunder, the endorsement of the appellant, some in long hand writing and some in printed stamp, and some followed by the signature of the employee Davidson as Coll. Manager and some without.
In Brady on Bank Checks, Third Edition, Section 5.3, pg. 90, we find this statement of the law:
“The signature of a corporation to which a check is payable is a sufficient in-dorsement without the ■ addition of the signature of the officer by whom the indorsement is made. * * *
“A rubber stamp indorsement is valid and sufficient to transfer title to the instrument indorsed, when made by one having authority.” (pg. 91)
The appellant had given written authority to the Bank to cash checks when presented by its collection manager, Cawthon Davidson. There was no allegation on the part of the plaintiff anywhere that the Bank had knowledge of the fraudulent conduct of Davidson nor any fact from which the Bank could make any reasonable deduction thereof. The negligence here appears to us to be on the part of the plaintiff and not on the part of the defendant Bank. We think this point is without factual and substantial merit and no genuine issue of a material fact existed.
For the reasons stated, the judgment appealed from is affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. Tropical Coach Line, Inc. v. Carter et al., 121 So.2d 779 (Fla.1960).