The Honorable Bill Gunter State Fire Marshal Larson Building Tallahassee, Florida 32301
Dear Mr. Gunter:
This is in response to your request for an opinion on substantially the following question:
 WHETHER s 633.557(2), F.S., ALLOWS THE INSTALLATION OF WATER MAINS (FIRE MAINS) AND OTHER WATER LINES THAT LEAD TO, SUPPLY, OR ARE A PART OF A FIRE PROTECTION SYSTEM AS DEFINED BY s 633.021(12), F.S., BY PLUMBING CONTRACTORS WHO HAVE NOT BEEN CERTIFIED UNDER CH. 633, F.S.?
As head of the Department of Insurance, you have been designated by statute as State Fire Marshal. See, s 633.01, F.S., which generally sets forth the powers and duties of that office. You have requested an Attorney General's Opinion in your capacity as the State Fire Marshal.
A fire protection system is defined in s 633.021(12), F.S., as:
 [A]n automatic or manual sprinkler system designed to protect the interior or exterior of a building or structure from fire. Such systems shall include, but not be limited to, water sprinkler systems, water spray systems, foam-water sprinkler systems, foam-water spray systems, CO sub2 systems, foam extinguishing systems, dry chemical systems, and Halon and other chemical systems used for fire protection use. Such systems, shall also include the overhead and fire mains, standpipes and hose connections to sprinkler systems, sprinkler tank heaters, air lines, thermal systems used in connection with sprinklers, and tanks and pumps connected thereto.
The first sentence of the section defines a fire protection system to consist of automatic or manual sprinkler systems and the second and third sentences go on to define `such systems' to include i.e., as part of the sprinkler systems, standpipes and hose connections to sprinkler systems and overhead and fire mains. The statute does not distinguish between a standpipe system, or `standpipes and hose connections to sprinkler systems', and a fire protection system but includes a standpipe system within the more broad definition of fire protection system, and makes it a part of such a system. No definition of standpipes or a standpipe system is contained in Ch. 633, F.S. However, you have provided the definition used by the National Fire Protection Association, hereinafter referred to as the N.F.P.A. You state that the standards of the N.F.P.A. have been adopted by the rules of the State Fire Marshal and so are relevant to this inquiry. The N.F.P.A. defines a standpipe system as:
 [A]n arrangment (sic) of piping, valves, hose outlets and allied equipment installed in a building or structure with outlets located in such a manner that water can be discharged in streams or spray patterns through hose and nozzles, attached to such hose outlets, for the purpose of extinguishing a fire and so protecting a building or structure and its contents in addition to protecting the occupants. This is accomplished by connections to water supply systems or by pumps, tanks and other equipment necessary to provide an adequate supply of water to the hose outlets.
Section 633.557(2), F.S., provides:
 A licensed plumbing contractor shall not be required to be certified under this act to install standpipe systems and the following items connected thereto: overhead and underground water mains, fire hydrants and hydrant mains, hose connections, tanks and pumps; including sprinkler heads in trash chutes and in trash rooms, having no connection to an automatic sprinkler.
This subsection represents an exception to s 633.541(1), F.S., requiring that any person engaged in the business of contracting or acting in the capacity of a contractor must be certified by the State Fire Marshal. Moreover, to the extent that it may embrace the installation of standpipe systems and items connected thereto as specified in s 633.557(2), F.S., this subsection is an exception to s 633.065(1), F.S., which requires that firesafety and fire protective equipment contractors must be licensed pursuant to s 633.061, F.S., or certified under s 633.534, F.S.
Section 633.557(2), F.S., clearly states that standpipe systems and the specified items or equipment connected thereto may be installed by a licensed plumbing contractor who is not certified by the State Fire Marshal. Section 489.105(3)(m), F.S., as amended by s 28, Ch. 82-179, Laws of Florida, defines a `plumbing contractor' as one `whose contracting business consists of the execution of contracts requiring the experience, financial means, knowledge and skill to install, maintain, repair, alter, extend or design, when not prohibited by law, plumbing, including . . . the design and installation, maintenance, repair, alteration or extension of . . . fire line standpipes and fire sprinklers to the extent authorized by law . . . .' A `licensed' plumbing contractor is one who has been certified or registered pursuant to Part I, Ch. 489, F.S. by the Department of Professional Regulation. Section 489.105(12), F.S. See, ss 489.111-489.119, F.S., which set out the requirements and procedures for certification or registration of contractors. The exception provided in s633.557(2), F.S., from the certification requirements of Ch. 633 with respect to the installation of standpipe systems and specified items connected thereto does not appear inconsistent with the provisions of s 633.065(1), F.S., requiring licensing or certification of contractors of fire protective and firesafety equipment or s 633.541, F.S., which requires certification `except as hereinafter provided', but provides an exception thereto. The exception prescribed by s 633.557(2), F.S., is not qualified or restricted but is a general exception from the requirements of Ch. 633 allowing licensed plumbing contractors to install standpipe systems and the designated items connected thereto without certification by the State Fire Marshal and is not, by its terms, limited to standpipe systems installed independently of or separately from sprinkler systems or fire protection systems. If the language of a statute is clear and admits of only one *3317 meaning, the Legislature is presumed to have intended what it plainly expressed. Thayer v. State, 335 So.2d 815 (Fla. 1976); Bay Finance Corp. of Panama City v. Bay National Bank Trust Company, Panama City, 200 So.2d 248 (1 D.C.A. Fla., 1967). However, the exception provided in s 633.557(2), F.S., does not otherwise authorize a licensed plumbing contractor to engage in or hold himself out as engaging in the business of contracting fire protection systems as defined in s 633.021(13)(a)-(c), F.S., i.e., other than the installation of standpipe systems and water mains and other specified items connected thereto and the incidental connection thereof to a water supply system, a plumbing contractor may not install any of the other systems and items designated in s633.021(12), F.S.
Therefore, until judicially or legislatively determined to the contrary, it is my opinion that s 633.557(2), F.S., does allow the installation of standpipe systems and, as connected thereto, overhead and underground water mains, fire hydrants and hydrant mains, hose connections, tanks and pumps; including sprinkler heads in trash chutes and in trash rooms, having no connection to an automatic sprinkler, when these are or become part of a fire protection system as defined by s 633.021(12), F.S., by licensed plumbing contractors who have not been certified under s 633.534, F.S. However, this exception from the certification requirements of Ch. 633, F.S., does not otherwise authorize a licensed plumbing contractor to engage in or hold himself out as engaging in the business of contracting fire protection systems as defined in s633.021(13)(a)-(c), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General