Ms. Loyce K. Farr Chairperson Florida Developmental Disabilities Planning Council 1317 Winewood Boulevard Building 1, Suite 309 Tallahassee, Florida 32301
Dear Ms. Farr:
This is in response to your request for an opinion on substantially the following questions:
 1. TO WHAT EXTENT IS THE FLORIDA DEVELOPMENTAL DISABILITIES PLANNING COUNCIL AN INDEPENDENT ENTITY?
 2. DOES THE FLORIDA DEVELOPMENTAL DISABILITIES PLANNING COUNCIL HAVE AUTHORITY TO HIRE, FIRE, EVALUATE, SET PAY LEVELS AND ESTABLISH PERSONNEL POLICIES FOR ITS EMPLOYEES INDEPENDENTLY OF THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES OR ANY OTHER STATE AGENCY?
Your questions are related and will be answered together.
Section 393.001(2), F.S., creates the Florida Developmental Disabilities Planning Council as "an interdepartmental and interagency advisory body . . . for programs and services affecting persons with developmental disabilities," as defined in s. 393.001(1), F.S. See, 42 U.S.C. § 6022(b) (1985 Supp.), requiring a State plan for federal assistance with respect to persons with developmental disabilities to provide for establishment of a State Planning Council and to provide "for the assignment to the Council of personnel in such numbers and with such qualifications as the Secretary [of the federal Department of Health and Human Services] determines to be adequate to enable the Council to carry out its duties" pursuant to federal law. See also, 42 U.S.C. § 6022(b)(1)(B) (plan must designate State agency or agencies which shall administer or supervise administration of the State plan). Section 393.001(6), F.S., provides in pertinent part as follows:
 (a) The [Florida Developmental Disabilities Planning] council is assigned to the office of the Secretary of Health and Rehabilitative Services for administrative purposes and fiscal accountability as specified in subsection (8), but it shall otherwise function independent of the control, supervision, and direction of the department.
 (b) The council shall appoint, and may remove, an executive director, who shall serve under the direction, supervision, and control of the council. The executive director, with the consent of the council, shall employ such personnel as may be necessary to perform adequately the functions of the council, within budgetary limitations.
* * *
 (d) The council shall adopt bylaws and policies consistent with this section and applicable state and federal law. The bylaws and policies shall include duties of officers, a process for selecting officers, duties of committees, quorum requirements for committees, provisions for special or ad hoc committees, and policies for council staff. (e.s.)
And see, s. 393.001(8), F.S., requiring the Governor to designate an administering agency or agencies with the following duties and responsibilities with respect to federal and state funds appropriated or received as provided for the program established by s. 393.001, F.S., and federal law:
 (a) Receive, deposit, and disburse funds for the developmental disabilities program in accordance with this section, applicable state and federal law, and the purposes and priorities established by the council in the state plan specified in this section.
 (b) Provide fiscal control and fund accounting procedures necessary to assure the proper disbursement of, and accounting for, grant funds.
 (c) In consultation with the council, establish a budget to provide for council staff and council activities as specified in this section.
 (d) Negotiate a written work agreement with the council and the administering agency. The council and the administering agency shall review the work agreement annually.
You have informed this office that the Department of Health and Rehabilitative Services has been designated as the administering agency for the Florida Developmental Disabilities Planning Council pursuant to s. 393.001(8).
The plain language of s. 393.001(6)(a), F.S., provides for the functioning of the Florida Developmental Disabilities Planning Council "independent of the control, supervision, and direction" of the Department of Health and Rehabilitative Services except for "administrative purposes and fiscal accountability." See, Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc.,434 So.2d 879 (Fla. 1983); Thayer v. State, 335 So.2d 815
(Fla. 1976) (intent of Legislature as gleaned from plain language of the statute is the law). "Administrative" has been defined as meaning "ministerial" or connoting duties with respect to which nothing is left to discretion. 2 C.J.S. Administrative, p. 79. See, AGO 81-67, in which this office concluded that statutory boards "administratively . . . under the supervision of the Secretary of State" exercised their powers, duties and functions independently but were assigned to the secretary for purposes of general guidance, service or support. See also, Arnold v. State ex rel. Mallison, 2 So.2d 874 (Fla. 1941) ("administrative" used interchangably with "ministerial"). As used in s. 393.001(6)(a), "fiscal accountability as specified in subsection (8)" appears to relate to the department's duty as administering agency to receive and administer federal and state funds appropriated to or received for the developmental disabilities program and to maintain such accounts and records and to provide such guidance, service or support as to permit or facilitate proper and lawful expenditure of funds allocated for the developmental disabilities program and accounting therefor and auditing thereof, including, in consultation with the council, establishment of a budget to provide for council staff and activities as specified in s. 393.001, F.S. See, s. 393.001(8)(a), (b) and (c), F.S., providing respectively for the administering agency to receive, deposit and disburse funds in accordance with purposes and priorities established by the council; to provide fiscal control and accounting procedures necessary to assure proper disbursement of and accounting for grant funds; and, in consultation with the council, to establish a budget to provide for council staff and council activities. Compare, AGO 81-67, where relevant statutes provided for statutory boards to exercise powers, duties and functions independently "subject to budget review and approval by the Secretary of State."
The independence of the Florida Developmental Disabilities Planning Council with respect to personnel matters appears to be further authorized and established by the plain language of s. 393.001(6)(b) and (d), F.S. Section 393.001(6)(b) specifically authorizes the council to appoint and remove an executive director "who shall serve under the direction, supervision, and control of the council." That subsection further operates to vest in the executive director "with the consent of the council" authority to employ other personnel to perform adequately within budgetary limitations the functions of the council. With respect to policies for council staff, the council is specifically authorized and required by s. 393.001(6)(d) to adopt bylaws and policies consistent with state and federal law to address such matters, among others. Thus, it does not appear that s. 393.001(6)(b) and (d) operates to vest any duty, responsibility or authority in the Department of Health and Rehabilitative Services concerning such duly adopted personnel policies. Cf., s. 393.001(8)(c), F.S. (department as administering agency in consultation with council shall establish budget for council staff and activities).
While I am unable to conclude that s. 393.001(6), F.S., operates to vest any duty, responsibility or authority in the Department of Health and Rehabilitative Services concerning personnel policies duly adopted by the Florida Developmental Disabilities Planning Council pursuant to s. 393.001(6)(d), F.S., it nevertheless appears that the council's independence with respect to such matters is constrained by other provisions of law and rules adopted thereunder. See, s. 110.201, F.S., providing that the Department of Administration shall develop and administer uniform personnel rules relating to employees and positions in the career service and requiring employing agencies to operate within such uniform rules. See also, s. 110.203(1), F.S. ("agency" includes councils within the executive branch of state government); AGO 80-29 (independent statutory entity within definitional purview of Ch. 110, F.S.). And see, s. 110.205(1), F.S., providing that the career service applies to all positions not specifically exempted by Part II, Ch. 110, F.S.; and s. 110.205(2)(1), F.S., providing that "the chief administrative officer . . . of each board or commission" is an exempt position not covered by Part II, Ch. 110. See also, ss. 110.402 (creating Senior Management Service for positions in executive branch exempted from career service by s.110.205[2] "which are primarily and essentially policymaking or managerial in nature") and 110.403, F.S., (authorizing the Department of Administration with approval by Administration Commission to adopt and amend rules relating to, inter alia, employment, evaluation and dismissal of Senior Management Service employees). Cf., Part VI, Ch. 110 (Department of Administration authority with respect to Selected Professional Service). But see, Ch. 86-149, Laws of Florida, amending provisions of Parts II and VI, Ch. 110, F.S., effective February 1, 1987, relating to inter alia, exemptions from career service, and changing Selected Professional Service to Selected Exempt Service.
Accordingly, while the Florida Developmental Disabilities Planning Council is specifically authorized to appoint and remove an executive director and to adopt personnel policies for council staff to be employed by the executive director with council consent independently of the Department of Health and Rehabilitative Services, the authority of the council to provide generally for such personnel matters is constrained by rules of the Department of Administration adopted pursuant to Parts II, IV and VI of Ch. 110, F.S., and other applicable statutes and rules. See, e.g., Chs. 22A (career service) and 22SM (senior management), F.A.C., containing rules relating to employment, evaluation, classification and pay plans, attendance and leave, dismissal and other matters concerning employees of state agencies. And see, s.216.251, F.S., specifically providing the means by which a state employee's salary shall be determined. Cf., s. 393.001(7), F.S. (council funds shall be deposited in State Treasury and disbursed in accordance with Chs. 215 and 216, F.S.).
Therefore, unless and until legislatively or judicially determined otherwise, I am of the view that the Florida Developmental Disabilities Planning Council is an independent entity, except to the extent that the Department of Health and Rehabilitative Services is authorized to exercise certain ministerial duties with respect to providing guidance, service or support to the council and is further authorized and required to provide fiscal accountability services to the council with respect to receipt, deposit and disbursement of council funds and accounting therefor and to establish a budget for council staff and council activities in consultation with the council; but that the council's independence with respect to personnel matters is constrained by the provisions of Ch. 110, F.S., s. 216.251, F.S., and rules adopted thereunder.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General