Mr. William G. Law, Jr. Attorney for City of Groveland Post Office Box 57 Groveland, Florida 32736
Dear Mr. Law:
You have asked the following question:
 Is the City of Groveland authorized to impose a utility tax of 10 percent on the first $500 per month for residential users, 10 percent on the first $1,000 for commercial users, and 10 percent on the first $5,000 for industrial or manufacturing users?
In sum:
 The City of Groveland is not authorized to establish a cap which would exempt from taxation that portion of the service generating tax revenue in excess of a maximum monetary cap.
Section 166.231, F.S. (1988 Supp.), empowers municipalities to levy a public service tax on the purchase of electricity, metered or bottled gas, and water service, as well as telecommunication services and competitive services.[1] The statute provides in part:
 The tax shall be levied only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.[2]
Section 2, Art. VIII, State Const., gives municipalities "home rule powers" which may be exercised for any valid municipal purpose, "except as otherwise provided by law," however, the taxing power of municipalities is not derived from this constitutional provision. The origin of municipal taxing power and the limitations on its exercise are found in ss. 1(a) and 9(a), Art. VII, State Const., and such general or special laws relating to other taxes as the Legislature may enact.[3] In the exercise of its taxing power, a municipality is limited to that taxing power conferred expressly, or by necessary implication.[4]
Generally, therefore, a municipality has no inherent power to exempt from taxation property which it is authorized by statute or charter to tax, since, with some exceptions, delegation of the power to tax does not include the power to exempt from taxation or the power to remit or compromise a tax.[5]
The tax cap by the City of Groveland has the effect of exempting from taxation that portion of the taxable value of the electricity service generating tax revenue in excess of the cap.[6] Section166.231, F.S. (1988 Supp.), provides several specific exemptions to the public service tax.[7] However, no exemption of the type proposed by the city is recognized by the statute. It is a settled rule of statutory construction that the express mention of one thing in a statute implies the exclusion of another.[8] Section166.231, F.S. (1988 Supp.), and s. 166.232, F.S., authorize a municipality to levy a public service tax but do not authorize or otherwise empower a municipality to exempt from taxation that portion of the service generating tax revenue in excess of an established monetary cap. Nor can such a substantive power be implied from the power granted in s. 166.231, F.S. (1988 Supp.), and s. 166.232, F.S.
Thus, it is my opinion that the City of Groveland may not provide a maximum monetary cap per monthly billing period for those items or services taxable pursuant to s. 166.231, F.S. (1988 Supp.).
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, s. 166.231(1)(a), (2), and (9), F.S. (1988 Supp.).
[2] Section 166.231(1)(a), F.S. (1988 Supp.). See also, s.166.231(9)(a)1. and 2., F.S. (1988 Supp.), providing a cap of 10 percent and 7 percent respectively on the monthly recurring customer service charges for local telephone service and intrastate telecommunication services. And see, s. 166.232, F.S., which grants a municipality the option to levy the tax authorized under s. 166.231, F.S. (1988 Supp.), on a physical unit basis when applied to electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), fuel oil, kerosene, and water.
[3] See, AGO's 80-87 and 79-26 concluding that a municipality has no home rule powers with respect to the levy or excise of non-ad valorem taxes and exemptions therefrom, as the exercise of all such taxing power must be authorized by general law.
[4] See, AGO 79-26.
[5] 16 McQuillin Municipal Corporations s. 44.65 p. 204.
[6] See, AGO 87-45 concluding that the City of Vernon could not provide for a maximum tax of $25 per monthly billing for those items or services taxable pursuant to s. 166.231, F.S. (1986 Supp.), because such a cap constituted an unauthorized exemption for the amount of utility services over $25.
[7] See, e.g., s. 166.231(3), F.S. (1988 Supp.), which allows municipalities to exempt from taxation any amount up to, and including, the first 500 kilowatt hours of electricity purchased per month for residential use.
[8] Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).