Mr. Charles O. Everly Director Building and Zoning Department Sarasota County 1301 Cattlemen Road Sarasota, Florida 34232-9621 Attention: Mr. C. Richard Dietz Building Official/Code Enforcement Director
Dear Mr. Everly:
You have asked substantially the following questions:
 1. Does the exemption from licensing for "owners of property" in s. 489.103(7), F.S. (1988 Supp.), apply to the owner of a mobile home who leases the land on which the mobile home is located?
 2. Does the exemption in s. 489.103(7), F.S. (1988 Supp.), apply to a property owner who builds a two-family residence and lives in one of the units while leasing the other unit?
In sum, I am of the opinion that:
 1. The exemption from licensing for owners of property contained in s. 489.103(7), F.S. (1988 Supp.), does not apply to the owner of a mobile home who leases the land on which the mobile home is located.
 2. The exemption contained in s. 489.103(7), F.S. (1988 Supp.), is applicable to a property owner who builds a two-family residence and lives in one of the units while leasing the other unit.
Question One
Part I, Ch. 489, F.S. (1988 Supp.), provides for the regulation of the construction industry.[1] The Legislature, however, has recognized certain exemptions from regulation. Section 489.103(7), F.S. (1988 Supp.), states in pertinent part:
This part does not apply to:
* * *
 (7) Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving farm outbuildings or one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale, or building or improving commercial buildings at a cost of under $25,000 on such property for the occupancy or use of such owners and not offered for sale or lease. . . . (e.s.)
To qualify for this exemption, the owner must personally appear and sign the building permit application. Section 489.103(7), F.S. (1988 Supp.), further provides that the local permitting agency shall provide the person with a disclosure statement in substantially the form set forth in the statute.[2]
Subsection (7) of s. 489.103, F.S. (1988 Supp.), thus provides a limited exemption from the licensing requirements of that chapter for owners of property seeking to build or improve farm outbuildings, one-family or two-family residences, or commercial buildings under $25,000 on that property. Under the facts you have presented, the individual, while the owner of a mobile home, only possesses a leasehold interest in the property on which the buildings are to be constructed.
My examination of the legislative history failed to reveal any evidence of legislative intent regarding the interpretation of the term "owner of property." The word "owner" is a general term having a wide variety of meanings depending on the context and the circumstances in which it is used.[3] It has, however, been defined as the "one who has the legal or rightful title whether or not he is the possessor; a person in whom is vested the ownership, dominion, or title of property; one who, in case of destruction of the property, must sustain the loss."[4]
I cannot, therefore, in the absence of legislative or judicial clarification, state that a leasehold interest constitutes ownership of the property on which the building or improvements are to be made. Accordingly, I am of the opinion that the exemption in s. 489.103(7), F.S. (1988 Supp.), does not apply to the owner of a mobile home who leases the property on which the mobile home is located.
Question Two
As discussed in Question One, s. 489.103(7), F.S. (1988 Supp.), recognizes an exemption from the licensing requirements of Ch.489, F.S., for property owners acting as their own contractors. The statute specifically exempts property owners who are building or improving one-family or two-family residences on the property "for the occupancy or use of such owners and not offered for sale. . . ." In contrast, the exemption in s. 489.103(7), F.S. (1988 Supp.), for property owners building or improving commercial buildings at a cost under $25,000, requires that such building be for the use or occupancy of the owner and not be offered for sale or lease.
The Legislature thus has expressly excluded commercial property offered for sale or lease from the terms of the exemption while only one-family or two-family residences offered for sale are excluded from the exemption afforded by s. 489.103(7), F.S. (1988 Supp.). Inasmuch as the section only prohibits the offering for sale of one-family or two-family residences, the offering of such a residence for lease would not appear to be prohibited.[5]
Section 489.103(7), F.S. (1988 Supp.), however, requires that the building be for the use or occupancy of the owner. Accordingly, in order for the exemption to be applicable, the property owner must use or occupy the residence.
Therefore, I am of the opinion that the exemption contained in s.489.103(7), F.S. (1988 Supp.), is applicable to the owner of property who builds or improves a two-family residence on such property and lives in one of the units while leasing the other unit.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 489.101, F.S., stating that it is in the interest of public health, safety and welfare to regulate the construction industry.
[2] Section 489.103(7), F.S. (1988 Supp.), provides that the disclosure form shall be in substantially the following form:
 Disclosure Statement State law requires construction to be done by licensed contractors. You have applied for a permit under an exemption to that law. The exemption allows you, as the owner of your property, to act as your own contractor even though you do not have a license. You must supervise the construction yourself. You may build or improve a one-family or two-family residence or a farm outbuilding. You may also build or improve a commercial building at a cost of $25,000 or less. The building must be for your own use and occupancy. It may not be built for sale or lease. If you sell or lease more than one building you have built yourself within 1 year after the construction is complete, the law will presume that you built it for sale or lease, which is a violation of this exemption. You may not hire an unlicensed person as your contractor. Your construction must be done according to building codes and zoning regulations. It is your responsibility to make sure that people employed by you have licenses required by state law and by county or municipal licensing ordinances.
[3] See, 73 C.J.S. Property s. 25.
[4] Id. See, Websters Third International Dictionary Owner p. 1612 (unabridged 1981) (one who has the legal or rightful title whether the possessor or not). Compare, s. 582.01(4), F.S., which defines "owner of land" for purposes of Ch. 582, F.S., as any person who holds legal or equitable title to land with s. 582.01(5), F.S., which in defining "occupier of land" to include a person, other than the owner, who is in possession of lands, specifically includes a lessee, tenant or renter.
 And see, Black's Law Dictionary Owner p. 1259 (rev. 4th ed. 1968) ("The person in whom is vested the ownership, dominion, or title of property; . . . The primary meaning of the word as applied to land is one who owns the fee and who has the right to dispose of the property . . . [s]ometimes it includes a lessee; . . . but not always. . . .).
[5] Cf., Thayer v. State, 335 So.2d 815 (Fla. 1976) (mention of one thing in a statute implies the exclusion of another).