The Honorable Lennard B. Register, III State Attorney Eighth Judicial Circuit Post Office Box 1437 Gainesville, Florida 32602
Dear Mr. Register:
You have asked for my opinion on substantially the following question:
 Can notice of a county commission's intent to consider an ordinance which omits one or more of the requirements prescribed by s. 125.66(2)(a), F.S., as amended by Ch. 89-267, Laws of Florida, and s. 286.0105, F.S. (1988 Supp.), relating to public notice of meetings, be cured by subsequent notice which is published less than 15 days before the meeting of the commission to consider the ordinance?
In sum:
 Failure to comply with the procedural requirements of s. 125.66(2), F.S., as amended supra, and s. 286.0105, F.S., cannot be cured by subsequent notice published less than 15 days before a meeting of the commission to consider enactment of an ordinance.
Section 125.66, F.S., prescribes the procedure for enactment of ordinances by noncharter counties. This section provides that, "[i]n exercising the ordinance — making powers conferred by s. 1, Art. VIII of the State Constitution, counties shall adhere to the procedures prescribed herein."[1] (e.s.) Pursuant to s.125.66(2), F.S., as amended by s. 1, Ch. 89-267, Laws of Florida:
 (a) The regular enactment procedure shall be as follows: The board of county commissioners at any regular or special meeting may enact or amend any ordinance, except as provided in subsection (5),[2] if notice of intent to consider such ordinance is given at least 15 days prior to said meeting. . . .
The requirement of notice imposed by s. 125.66(2)(a), F.S., as amended supra, is phrased in terms of "shall" and imposes a mandatory duty to act rather than making such performance discretionary.[3] The failure to meet the procedural requirements of this statute has led one court to hold a county ordinance invalid when the ordinance was adopted without compliance with this section.[4] When the Legislature prescribes the method of doing a thing, that method must be observed. When the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way.[5] Thus, when s. 125.66(2)(a), F.S., as amended supra, sets forth procedural requirements for the adoption of county ordinances, it effectively prohibits the adoption of such ordinances by any other method.
Section 286.0105, F.S. (1988 Supp.), provides, in part, that:
 Each board, commission, or agency of this state or of any political subdivision thereof shall include in the notice of any meeting or hearing, if notice of the meeting or hearing is required, of such board, commission, or agency, conspicuously on such notice, the advice that, if a person decides to appeal any decision made by the board, agency, or commission with respect to any matter considered at such meeting or hearing, he will need a record of the proceedings, and that, for such purpose, he may need to ensure that a verbatim record of the proceedings is made, which record includes the testimony and evidence upon which the appeal is to be based.
This additional requirement is imposed at each occasion where notice of a meeting or hearing is required and is to be included in the notice given to the public of such meeting. Again, when the Legislature prescribes how a thing is to be done, there is a prohibition against it being done in any other way.[6]
Therefore, it is my opinion that the notice of a county commission's intent to consider an ordinance must comply with the procedural requirements of s. 125.66(2), F.S., as amended by Ch. 89-267, Laws of Florida, and s. 286.0105, F.S. (1988 Supp.), and cannot be cured by subsequent notice which is published less than 15 days before the meeting of the commission to consider the ordinance.
Sincerely,
Robert A. Butterworth Attorney General (gh)
[1] Section 125.66(1), F.S. And see, s. 1(f), Art. VIII, State Const., which provides that "[t]he board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law. . . ." (e.s.)
[2] Subsection (5), of s. 125.66, F.S., relates to ordinances or resolutions which rezone private real property.
[3] Words of common usage, when used in a statute, should be construed in their plain and ordinary sense. See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). The word "shall" is defined as: "used in laws, regulations, or directives to express what is mandatory", Webster's New Collegiate Dictionary 1064 (1975) and Webster's Third New International Dictionary 2085 (unabridged ed. 1981); "In common, and ordinary usage, `shall' has a compulsory, peremptory, imperative, or mandatory meaning . . . as opposed to a permissive or directory meaning. . . ." 80 C.J.S. Shall p. 136-137 (1953).
[4] See, Linville v. Escambia County, 436 So.2d 293 (1 D.C.A.Fla., 1983), pet. for rev. den., 444 So.2d 416 (Fla. 1984), in which the First District Court of Appeal determined that an Escambia County ordinance regulating the operation of bottle clubs was invalidly enacted because the procedural elements of s.125.66(2), F.S. (1981) were not met.
[5] Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[6] Id.