Mr. Randy Ludacer County Attorney Monroe County 310 Fleming Street, Room 29 Key West, Florida 33040
Dear Mr. Ludacer:
You ask on behalf of the board of county commissioners substantially the following questions:
1. May Monroe County use tourist development tax funds pursuant to s. 125.0104(5)(a)2., F.S., to fund regular police protection? 2. May Monroe County use tourist development tax funds pursuant to s.125.0104(5)(a)2., F.S., to fund extra police protection in connection with Fantasy Fest parade weekend, New Year's Eve, and Spring Break?
In sum, I am of the opinion:
Any expenditure of revenues derived from the tourist development tax must be primarily for tourism, and any expenditures pursuant to s. 125.0104(5)(a)2., F.S., may only be used to promote and advertise tourism. Since the provision of law enforcement by the county is a general governmental function owed to the public at large, such revenues may not be used to generally fund law enforcement within the county or to fund such functions during special events or holidays.
As your questions are interrelated, they will be answered together.
Section 125.0104, F.S., is the "Local Option Tourist Development Act."[1] The act authorizes a county to impose a tax on short-term rentals of living quarters or accommodations in "any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium" within the county unless such activities are exempt pursuant to Ch. 212, F.S.
Subsection (5) of the act sets forth the purposes for which revenues from the tourist development tax may be expended. Pursuant to s. 125.0104(5)(a), F.S.:
(a) All tax revenues received pursuant to this section by a county imposing the tourist development tax shall be used by that county for the following purposes only: 1. To acquire, construct, extend, enlarge, remodel, repair, improve, maintain, operate, or promote one or more publicly owned and operated convention centers, sports stadiums, sports arenas, coliseums, or auditoriums within the boundaries of the county . . . ; 2. To promote and advertise tourism in the State of Florida and nationally and internationally; (e.s.) 3. To fund convention bureaus, tourist bureaus, tourist information centers, and news bureaus as county agencies or by contract with the chambers of commerce or similar associations in the county; or 4. To finance beach improvement, maintenance, renourishment, restoration, and erosion control, including shoreline protection, enhancement, cleanup, or restoration of inland lakes and rivers to which there is public access.[2]
Where a statute enumerates the things upon which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[3] Revenues generated from the tourist development tax, therefore, may only be used for the purposes specified in the statute. An examination of the enabling legislation for s.125.0104, F.S., indicates that the Legislature intended that expenditures of revenues from the tourist development tax be limited to tourism related projects.[4]
You specifically refer to the provisions of s. 125.0104(5)(a)2., as providing possible authority for the expenditure of tourist development tax revenues to fund law enforcement within the county on the basis that increased law enforcement protection within the county will promote tourism. That subparagraph authorizes the expenditure of the funds to promote and advertise tourism nationally and internationally.[5] The primary purpose of expenditure of such funds must, therefore, be both to promote tourism and advertise tourism.
The provision of law enforcement within the county is an integral and constituent part of county government, with no special benefit or service being extended to a particular area or property or to a portion or segment of the county. It is the performance of a governmental duty owned to the general public at large.
The funding of general law enforcement within the county or the provision of additional law enforcement at special events or during particular holidays may, in fact, affect and benefit tourism within the county. However, the provision of such law enforcement functions owed to the public at large, whether generally or at special events or during certain holidays, does not have the promotion and advertisement of tourism as its primary purpose.
Therefore, I am of the opinion that revenues derived from the local tourist development tax may not be used to fund regular police protection or to fund extra police protection in connection with special events or holidays.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 125.0104(1), F.S.
[2] And see, s. 125.0104(5)(b), F.S., which authorize counties of less than 500,000 population to use the revenues for the acquisition, construction, improvement, operation and promotion of museums, zoological parks, fishing piers or nature centers; and s.125.0104(5)(c), F.S., specifying the circumstances under which the revenues may be used to secure and liquidate revenue bonds issued for the purposes set forth in subparagraphs (a)1. and (a)4.
[3] See, AGO 88-49, in which this office advised Monroe County that the expenditure of tourist development tax revenues was limited to those purposes set forth in the statute. And see, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[4] See, Staff Analysis and Economic Statement, Taxation and Claims Committee, Florida Senate, dated June 3, 1977, on HB 2064, enacted as Ch. 77-209, Laws of Florida, and codified as s.125.0104, F.S.