Beth A. Sullivan Assistant County Attorney Charlotte County
QUESTION:
1. Is the Board of County Commissioners of Charlotte County authorized to adopt a budget for travel by the commissioners for official business which authorizes each commissioner to determine what constitutes his or her official business.
2. Is a board of county commissioners, the chairman of such a board, or an individual county commissioner considered to be the "[a]gency head or head of the agency," as that term is defined in s. 112.061, F.S., for purposes of authorizing travel expenses for individual commissioners?
3. Is the adoption of an annual budget by the Board of County Commissioners of Charlotte County pursuant to s. 129.01, F.S., sufficient action by the agency head under s. 112.061(7)(f), F.S., to allow the agency head to grant monthly allowances in fixed amounts for travelers electing to use their privately owned automobiles on official business?
SUMMARY:
 1. In light of the requirements of s. 112.061(7)(f), F.S., the Board of County Commissioners of Charlotte County may not adopt a budget for the travel of the commissioners for official business in which each commissioner has the authority to determine what constitutes official business for his or her own reimbursement.
2. Pursuant to s. 112.061(2), F.S., the agency head of a county is the county commission as a collegial body.
3. While no information has been provided regarding the specificity or content of the Charlotte County budget, to the extent the Charlotte County budgetary process will accommodate the requirements of s. 112.061(7)(f), F.S., it would appear to satisfy the requirements of the statute.
AS TO QUESTION 1:
Pursuant to s. 1(g), Art. VIII, State Const.:
Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law. The charter shall provide which shall prevail in the event of conflict between county and municipal ordinances.
Thus, while charter counties possess extensive powers of self-government, legislation by such counties may not be inconsistent with provisions of general law.[1]
Section 112.061, F.S., provides a uniform method for the reimbursement of public officers, employees, and authorized persons whose travel expenses are paid by the public agency.[2]
Section 112.061(7)(f), F.S., provides that:
The agency head may grant monthly allowances in fixed amounts for use of privately owned automobiles on official business in lieu of the mileage rate provided in paragraph (d) [of s. 112.061(7), F.S.]. Allowances granted pursuant to this paragraph shall be reasonable, taking into account the customary use of the automobile, the roads customarily traveled, and whether any of the expenses incident to the operation, maintenance, and ownership of the automobile are paid from funds of the agency or other public funds. Such allowance may be changed at any time, and shall be made on the basis of a signed statement of the traveler, filed before the allowance is granted or changed, and at least annually thereafter. The statement shall show the places and distances for an average typical month's travel on official business, and the amount that would be allowed under the approved rate per mile for the travel shown in the statement, if payment had been made pursuant to paragraph (d).
Thus, the governing body of the county, as the agency head,[3]
has discretion to grant fixed monthly allowances to reimburse travel expenses for privately owned vehicles used for official business.[4] This discretionary authority would open this area of legislation to local regulation.[5]
However, the proposed plan in which each commissioner would determine for himself or herself what constitutes official business for reimbursement purposes would not appear to satisfy the requirements of s. 112.061(7), F.S. The statute requires that a monthly allowance be granted by the agency head based on a number of factors.[6] Nothing in s. 112.061, F.S., would allow a traveler to make such a determination of reasonableness independently. Reading two statutory definitions together, an "agency head" is the highest policymaking authority of a political subdivision, board, commission, county, or any other separate unit of government.[7] Thus, the determination is re-served to the county commission, as a collegial body, which can exercise independent judgment in approving travel allowances.[8]
In light of the requirement that county legislation not be inconsistent with general law, I cannot say that a plan which authorizes individual county commissioners to approve their own travel for reimbursement purposes would be consistent with the requirements of s. 112.061(7)(f), F.S.
AS TO QUESTION 2:
As is discussed in my response to Question One, the phrase "agency head" as used in s. 112.061, F.S., refers, in this case, to the county commission as a collegial body.
AS TO QUESTION 3:
Section 112.061(7), F.S., requires that the governing body of the county, as the agency head, has discretion to grant fixed monthly allowances to reimburse travel expenses for privately owned vehicles used for official business. While there are no specifically enumerated criteria which must be considered when an agency head determines that monthly travel allowances are appropriate for reimbursing travel expenses,[9] once such a decision is made factors are set forth for determining the amount of the allowance. The statute requires that such amount be "reasonable," taking into account the customary use of the automobile, the roads customarily traveled, and whether expenses incident to the operation, maintenance and ownership of the automobile are paid from public funds.[10] Further, the statute requires that provisions for the allowance be flexible enough to allow changes at any time, and that the allowance be made on the basis of a signed statement by the traveler, which must be filed before the allowance is granted or changed and at least annually thereafter.[11]
Although the statute sets forth the criteria which must be considered in calculating the monthly travel allowance, it does not require that provision for the allowance be made by any particular method, i.e., ordinance, resolution, or other formal action of the board. Therefore, while this office has been provided with no information regarding the Charlotte County budgetary process, to the extent an annual budget can accommodate the factors set forth in s. 112.061, F.S., the adoption of such a budget would appear to satisfy the statutory requirements.
[1] See, AGO's 90-1, 86-62, 81-7, and 79-109 which discuss the authority of charter counties to enact ordinances on subjects not preempted to the state when the terms of such county legislation are not inconsistent with general law.
[2] The Legislature expressed its intent in enacting s.112.061(1), F.S., as follows:
There are inequities, conflicts, inconsistencies, and lapses in the numerous laws regulating or attempting to regulate travel expenses of public officers, employees, and authorized persons in the state. It is the intent of the Legislature: (a) To remedy same and to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency. . . .
[3] See, s. 112.061(2)(a) and (b), F.S., defining "[a]gency or public agency" to include counties and "[a]gency head or head of the agency" as "[t]he highest policymaking authority of a public agency . . . ."
[4] See, AGO 90-6 (It is within the discretion of the board of county commissioners to authorize fixed monthly allowances for the use of privately owned vehicles by county employees for official business.)
[5] See, Inf. Op. to Mr. Randy Ludacer, dated July 7, 1992 (Monroe County is authorized to adopt an ordinance providing a monthly allowance for the use of privately owned vehicles by the commissioners. Such an ordinance must accommodate the factors set forth in s. 112.061(7)(f), F.S., for such allowances.)
[6] See, AGO 76-17 which discusses these factors.And compare, s. 112.061(3)(a), F.S., which provides that an agency head, or his "designated representative," must authorize and approve all travel, with s. 112.061(7)(f), F.S., which states only that the "agency head" may grant monthly travel allowances.
[7] See, s. 112.061(2)(a) and (b), F.S.
[8] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) and Thayer v. State, 335 So.2d 815, 817 (Fla. 1976), for the proposition that when the Legislature has prescribed how a thing must be done, that method must be used.
[9] See, s. 112.061(7)(a), F.S.
[10] See, AGO 90-6 concluding that factors not specifically included in s. 112.061(7), F.S., may not be used in calculating the monthly travel allowances authorized for use of privately owned vehicles by county employees and officers.
[11] Pursuant to s. 112.061(7)(f), F.S., "[t]he statement shall show the places and distances for an average typical month's travel on official business, and the amount that would be allowed under the approved rate per mile for the travel shown in the statement, if payment had been made pursuant to paragraph (d)."