Chief Lee McGehee Ocala Police Department Post Office Box 1270 Ocala, Florida 32676
Dear Chief McGehee:
You ask substantially the following question:
Is it a violation of section 849.0931, Florida Statutes, for a charitable, nonprofit organization that is authorized to conduct bingo games to offer more than three jackpots per session if the additional jackpots are awarded in "free games"?
In sum:
It is a violation of section 849.0931, Florida Statutes, for a charitable, nonprofit organization that is authorized to conduct bingo games to offer more than three jackpots per session even if the additional jackpots are awarded in "free games."
Section 849.0931(5), Florida Statutes, provides that "[n]o jackpot shall exceed the value of $250 in actual money or its equivalent, and there shall be no more than three jackpots in any one session of bingo."
As stated in Thayer v. State,[1] it is a general principal of statutory construction that the mention of one thing implies the exclusion of another and that, therefore, when a statute enumerates the things on which it is to operate, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Section 849.0931(5), Florida Statutes, specifically states that there shall not be more than three jackpots in any one session. Nothing in the statute excludes "free jackpot games" from the limitation of three jackpots within a session or otherwise restricts the limitation to "paying" games. Even though the free jackpot game is connected to the bingo game, it appears to form a separate game of chance for which a jackpot is given. Therefore, the playing of a free jackpot game in addition to three other bingo games within a session would appear to violate the terms of section 849.0931, Florida Statutes.[2]
The game described above may also constitute a lottery as proscribed by s. 849.09, Florida Statutes. Prohibited lotteries in Florida consist of three elements: (1) a prize, (2) an award by chance, and (3) consideration.[3]
In the instant inquiry, a prize is awarded to a player based on chance. While the player has not directly paid to participate, consideration, for purposes of a lottery, need not involve money or anything of monetary value; rather, consideration sufficient to establish a simple contract is adequate. In Attorney General Opinion 90-35, this office stated that a real estate promotion program, which awarded a prize by chance through the random drawing of those realtors made eligible to participate by the sale of one or more of the listing realtor's property, constituted a prohibited lottery. This office concluded that consideration was present by the clear benefit to the realtor promoting the program who would receive an increase in listings from realtors who wished to participate in the program and from the percentage of each sale paid to the listing realtor.
Thus, even though it may not be necessary to pay anything to participate in the free games, consideration would appear to be present because the plan increases the attendance and materially increases the receipts. Therefore, the type of game contemplated would appear to be in violation of Florida's laws against lotteries.
Accordingly, I am of the opinion that it is a violation of section849.0931, Florida Statutes, for a charitable, nonprofit organization that is authorized to conduct bingo games to offer more than three jackpots per session, even if the additional jackpots are awarded in "free games."
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] 335 So.2d 815 (Fla. 1976).
[2] See, s. 849.0931(3), Fla. Stat. (1994 Supp.), providing that if an organization is not engaged in efforts of the type set forth in the statute, i.e., charitable, civic, community, benevolent, religious, or scholastic works or similar endeavors, its right to conduct bingo games thereunder is conditioned upon the return of all of the proceeds from such games to the players in the form of prizes. If at the conclusion of play on any day during which a bingo game is allowed to be played, there remain proceeds that have not been paid out as prizes, the organization
shall at the next scheduled day of play conduct bingo games without charge to the players and shall continue to do so until the proceeds carried over from the previous days played have been exhausted. This provision in no way extends the limitation on the number of prizes or jackpot games allowed in one day as provided in subsection (5).
And see, s. 849.0931(4), Fla. Stat. (1994 Supp.), authorizing a condominium association, mobile home owners' association, group of residents of a mobile home park as defined in chapter 723, Florida Statutes, or a group of residents of a mobile home park or recreational vehicle park as defined in chapter 513, Florida Statutes, to utilize their remaining proceeds in the manner specified in subsection (3).
[3] See, Little River Theater Corporation v. State ex rel. Hodge,185 So. 855 (Fla. 1939); and Blackburn v. Ippolito, 156 So.2d 550
(Fla. 2d DCA 1963). And see, Op. Att'y Gen. Fla. 78-87 (1978).