335 So.2d 815 (1976)
George THAYER, Etc., et al., Plaintiffs,
v.
STATE of Florida, Etc., et al., Defendants.
No. 47481.
Supreme Court of Florida.
July 21, 1976.
*816 S. LaRue Williams, Kinsey, Vincent, Pyle & Williams, Daytona Beach, for plaintiffs.
Charles L. Curtis, Tallahassee, for defendants.
BOYD, Justice.
Pursuant to Rule 4.6 of the Florida Appellate Rules we are responding to questions certified to this Court by the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County. See Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963).
The questions are:
1. Does the enactment of Section 561.20(2)(a)3, Florida Statutes, by Chapter 72-230, Laws of Florida, which states in pertinent part: "(2)(a) No such limitation of the number of licenses as herein provided shall henceforth prohibit the issuance of a special license to: ... 3. Any restaurant ... deriving at least fifty-one percent of its gross revenue from the sale of food and nonalcoholic beverages" apply to those special restaurant licenses issued prior to the effective date of Chapter 72-230?
2. If the answer to the preceding question is in the affirmative, does that application violate those sections of the Florida and Federal Constitutions guaranteeing due process, equal protection, non-discrimination and non-impairment of contract and, if so, are all provisions of Chapter 72-230 unconstitutional or only that provision relating to the 51% requirement?
We have jurisdiction even though our answer to the first question makes it unnecessary to reach the constitutional issues. Trustees of Tufts College v. Triple R. Ranch Inc., 275 So.2d 521 (Fla. 1973); McKibben v. Mallory, 293 So.2d 48 (Fla. 1974).
In answering the first question we must determine whether the Legislature intended for the statute to apply prospectively or to all special restaurant licenses even if issued prior to the effective date of the statute.
The respondents claim the Legislature simply amplified and made more restrictive a rule of the Beverage Department existing since 1969 which required special license restaurants to derive at least 30% of all proceeds from food and non-alcoholic beverages.
To determine the legislative intent we look to the plain language of the statute.
Section 561.20(2)(a)3, Florida Statutes, speaks in terms of future licenses only:
"No such limitation of the number of licenses as herein provided shall henceforth prohibit the issuance of a special license to: 3. Any restaurant .. . deriving at least fifty-one per cent of its *817 gross revenue from the sale of food and nonalcoholic beverages... ."
According to Webster's New International Dictionary (unabridged edition) the word "henceforth" is defined as "From this time forward." The Legislature is simply imposing the 51% requirement on special restaurant licenses issued after the effective date of the Act.
The law clearly requires that the legislative intent be determined primarily from the language of the statute because a statute is to be taken, construed and applied in the form enacted. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla.1st DCA 1960). The reason for this rule is that the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute.
In the same subsection of Section 561.20(2)(a)3, the Legislature made three direct references to the treatment of existing licenses. In one instance the following language appears:
"However, any license heretofore issued to any such hotel, motel, motor court, or restaurant or hereafter issued to any such hotel, motel, or motor court ... under the general law shall not be moved to a new location... ."
At another point in the same subsection the Act says:
"Any special license now in existence heretofore issued under the provisions of this law cannot be renewed except in the name of the owner ... and must remain in the name of said owner or lessee so long as the license is in existence."
Finally, the Act attempts to protect those persons relying on the predecessor section of the statute:
"[N]othing herein provided shall limit, restrict, or prevent the issuance of a special license for any restaurant or motel which shall hereafter meet the requirements of the law existing immediately prior to the effective date of this act, if construction of such restaurant has commenced prior to the effective date of this act and is completed within thirty days thereafter, or if an application is on file for such special license at the time this act takes effect; and any such licenses issued under this proviso may be annually renewed as now provided by law."
If the Legislature intended to protect those licenses which had not even been issued and allow such licenses to come under the old section of the law then certainly petitioners' licenses, which have been in existence for a number of years, are likewise protected.
It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Hence, where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234 (1944). By the Legislature's use of the term "henceforth" in the subject statute, and by its obvious reference to "the issuance" of special licenses in the future, the implication is that those licenses in existence prior to the effective date of the Act are excluded from the 51% requirement. Any other interpretation would extend the meaning of the language of the subject Act to include a class of persons not referred to by the Legislature.
The final applicable rule of statutory construction relates to whether a statute should be applied retrospectively or prospectively. The rule is stated succinctly in 30 Fla.Jur., Statutes, § 151, as follows:
"A statute operates prospectively unless the intent that it operate retrospectively is clearly expressed. Indeed, an act should never be construed retrospectively unless this was clearly the intention of the legislature. This is especially so where the effect of giving it a retroactive operation would be to interfere with an existing contract, destroy a vested right, or create a new liability in connection *818 with a past transaction. The presumption is that it was intended to operate prospectively, unless its language requires that it be given a retroactive operation. The basis for retrospective interpretation must be unequivocal and leave no doubt as to the legislative intent."
By its use of prospective language only, i.e. "henceforth" and "the issuance" of a special license, by its failure to mention existing licenses and by its obvious attempt to protect those restaurants under construction or in which applications have been filed by allowing them to meet the requirements of the old law, the Act is unequivocal in leaving no doubt as to the legislative intent. It should therefore be applied prospectively to those licenses issued after the effective date of the Act and not applied retroactively to petitioners' licenses.
Respondents argue that if this Court interprets the Act in favor of petitioners' contentions, then a great deal of mischief will result because petitioners' licenses would contemporaneously with the Court's ruling be converted to "quota" licenses contrary to Section 561.20(1), Florida Statutes. This argument is without merit for the following reason. Respondents have promulgated "bona fide restaurant" requirements for special licenses in Chapter 7A-3.15, Florida Administrative Code. "Quota" licenses are not held to these requirements. Even if the 51% requirements of Section 561.20(2)(a)3, Florida Statutes, is not applied to petitioners, the Chapter 72-3.15, Florida Administrative Code, requirements save petitioners' licenses from effective conversion into quota licenses.
Having held that the statute does not operate retroactively it is unnecessary that we reach the second certified question.
We have dealt only with the narrow question of whether the statute applies retroactively. It is not our duty nor our right to invade the legislative domain by expressing our views on the wisdom of the law.
Accordingly the first certified question is answered in the negative and the second question is not reached. The cause is remanded to the Circuit Court, Seventh Judicial Circuit, for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.