QUESTION:
Is s. 255.052, F. S., authorizing contractors to elect to substitute securities, including municipal bonds, for retainages on state contracts for construction of state buildings applicable to and binding upon county, municipal, or other local governments or local government contracts for construction of public buildings for such local governments?
SUMMARY:
Section 255.052, F. S., authorizing contractors to elect to substitute securities, including municipal bonds, for retainages on state contracts for construction of state buildings is not applicable to or binding upon county, municipal, or other local governments or local government contracts for construction of public buildings for such local governments. Any such authority regarding local government contracts must come from an amendment authorizing such substitution by an act of the Legislature.
Section 255.052, F. S., provides essentially that, under any contract made or awarded by the state or by one of its departments or officials, the contractor may withdraw all or a part of the amount retained by the state contracting authority for payments to the contractor pursuant to the terms of the state contract, upon depositing with the State Treasurer any of several enumerated securities, including bonds of any political subdivision of the state.
Section 255.052, F. S., was brought into the statutes by Ch.70-70, Laws of Florida, `[a]n [a]ct relating to state contracts,' codified as s. 255.052 and providing `for substitution of securities for retainages on state contracts.' Chapter 74-253, Laws of Florida, `[a]n [a]ct relating to amounts retained on state contracts,' amended s. 255.052(1)(d) by adding certificates of deposit from state or federal savings and loan associations to the securities listed in Ch. 70-70 authorized to be substituted for the amounts retained on state contracts.
Chapter 70-70, Laws of Florida, as amended by Ch. 74-253, Laws of Florida, nowhere mentions county, municipal, or other local government contracts or the construction of public buildings for such local governments or retainages on any such contracts. These statutes unequivocally apply only to state contracts and retainages on state contracts. It is well settled that where a statute expressly enumerates the things on which it is to operate, all things not expressly mentioned therein are excluded from its operation. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 443 (Fla. 1973); Thayer v. Florida, 335 So.2d 815 (Fla. 1976). Therefore, contractors under any contract awarded by county, municipal, or other local governments for the construction of public buildings for such local governments are not authorized by s. 255.052, F. S., to substitute the securities listed therein, including municipal bonds, for any retainages for payments to the contractor pursuant to the terms of such contract.
It might be parenthetically noted that s. 255.053, F. S., providing for retainages for payments to contractors by the contracting authority has been expressly repealed by Ch. 76-4, Laws of Florida, effective on the 60th day after final adjournment of the 1976 Legislature.
In order for the provisions of s. 255.052, F. S., or like terms, to apply to and be binding upon local governments and to authorize contractors on local projects under local contracts to substitute the same or similar securities for retainages on or under local contracts, s. 255.052 or other appropriate statutory provision will have to be amended by an act of the Legislature.
Prepared by: Sharyn L. Smith Assistant Attorney General Frank A. Vickory Legal Research Assistant