Mr. Richard G. Coker, Jr. City Attorney City of Hacienda Village 420 Southeast 12th Street (Davie Boulevard) Fort Lauderdale, Florida 33316
Dear Mr. Coker:
This is in response to your request for an opinion on substantially the following question:
 MAY THE HEAD OF A MUNICIPAL LAW ENFORCEMENT AGENCY SEIZING A MOTOR VEHICLE PURSUANT TO SECTION 932.701, et seq., F.S., NEGOTIATE THE RELEASE OF THE MOTOR VEHICLE TO AN AGENT OF A LIENHOLDER FOR THE REIMBURSEMENT TO THE CITY OF COSTS INCURRED BY THE CITY IN THE SEIZURE OF THE MOTOR VEHICLE PRIOR TO THE INSTITUTION OF FORFEITURE PROCEEDINGS UNDER SECTION 932.704?
Your letter basically asks if the head of a municipal law enforcement agency may disregard the requirements and procedures of the "Florida Contraband Forfeiture Act", ss 932.701-.704, F.S., and negotiate the release of a "contraband article" as defined in s 932.701(2)(e) to a lienholder's agent prior to the institution of forfeiture proceedings prescribed by s 932.704.
For the following reasons, your question must be answered in the negative.
As stated by our office in AGO 82-97, the "Florida Contraband Forfeiture Act", ss 932.701 — 932.704, F.S., details the procedures to be used and authorizes the seizure and forfeiture of vessels, motor vehicles, aircraft and other personal property which has been used or is being used in violation of s 932.702, F.S. Section 932.704(1), F.S., requires the appropriate state attorney or seizing law enforcement agency to promptly proceed against the contraband article or motor vehicle by rule to show cause in circuit court for the forfeiture of the contraband article or motor vehicle. The final order of forfeiture by the court perfects the state's right and interest in and title to such property and relates back to the date of seizure. The definition of a "contraband article" is set forth in s 932.701, F.S. Section932.702, F.S., provides inter alia, that it is unlawful to transport, carry or convey any contraband article in, upon, or by means of any vessel, motor vehicle or aircraft, to conceal or possess any contraband article in or upon any vessel, motor vehicle or aircraft, or to use any vessel, motor vehicle or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, exchange, or giving away of any contraband article. Section 932.703(1), F.S., provides that any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. Subsection (1) expressly provides in pertinent part,
 [a]ll rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act. (e.s.)
Furthermore, subsection (3) of s 932.703, F.S., expressly provides the manner in which a bona fide lienholder's interest can be preserved by the court:
 No bona fide lienholder's interest shall be forfeited under the provisions of ss. 932.701 — 932.704 if such lienholder establishes that he neither knew nor should have known after a reasonable inquiry that such property was being used or was likely to be used for illegal activity, that such use was without his consent, express or implied, and that the lien had been perfected in the manner prescribed by law prior to such seizure. If it appears to the satisfaction of the court that a lienholder's interest satisfies the above requirements for exemption, such lienholder's interest shall be preserved by the court by ordering the lienholder's interest to be paid from such proceeds of the sale as provided in s. 932.704(3)(a). (e.s.)
See also, s 932.704(2), F.S., (which details required notice procedures to be followed by the state attorney or the seizing law enforcement agency).
The bona fide lienholder's interest which may be preserved by the court as described in s 932.703(3), F.S., is further treated in s932.704(3)(a):
 Whenever the head of the law enforcement agency effecting the forfeiture deems it necessary or expedient to sell the property forfeited rather than to retain it for the use of the law enforcement agency, or if the property is subject to a lien which has been preserved by the court, he shall cause a notice of the sale to be made by publication as provided by law and thereafter shall dispose of the property at public auction to the highest bidder for cash without appraisal. . . . The proceeds of sale shall be applied: first, to payment of the balance due on any lien preserved by the court in the forfeiture proceedings; . . . . (e.s.)
Subsection (3)(a) was amended by Ch. 82-239, Laws of Florida, but that amendment is not pertinent to your inquiry.
Thus s 932.704(3)(a), F.S., provides specific procedures regarding the disposition of forfeited property, and as well, the treatment of a bona fide lienholder's interest preserved by a court as provided in s 932.703(3). As noted in AGO 82-97, if the controlling law directs how a thing shall be done, that is, in effect, a prohibition against its being done in any other way. E.g., Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); White v. Crandon,156 So. 303 (Fla. 1934); see, Thayer v. State, 335 So.2d 815 (Fla. 1976) (adhering to the rule of expressio unius est exclusio alterius).
In light of the express provisions of the "Florida Contraband Forfeiture Act" which are set forth above, I must conclude that the head of a municipal law enforcement agency which has seized a motor vehicle pursuant to this act is not authorized by statute to negotiate the release of the vehicle to a lienholder's agent prior to the institution of forfeiture proceedings under s 932.704. Rather, ss 932.703(3) and 932.704(3)(a) expressly provide that a bona fide lienholder's interest shall be preserved by the court if such lienholder establishes to the satisfaction of the court that the specified requirements for exemption have been satisfied and paid from the proceeds of sale provided for by s 932.704(3)(a).
In summary, it is my opinion that the head of a municipal law enforcement agency seizing a motor vehicle pursuant to the Florida Contraband Forfeiture Act may not negotiate the release of the vehicle to a lienholder's agent prior to the institution of forfeiture proceedings, since ss 932.703 and 932.704 expressly provide that a bona fide lienholder's interest shall be preserved by the court, if such lienholder establishes to the satisfaction of the court that the prescribed requirements for exemption set forth in s 932.703 have been met, and paid from the proceeds of sale provided for by s 932.704.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General