Mr. T.M. Barlow City Attorney City of Indian Harbour Beach 65 E. Nasa Boulevard Post Office Box 459 Melbourne, Florida 32902-0459
Dear Mr. Barlow:
This is in response to your request for my opinion on substantially the following questions:
 1. MAY A MUNICIPAL POLICE DEPARTMENT LAWFULLY RECORD INCOMING CALLS TO THE DEPARTMENT'S LINES SERVED BY ITS SEVEN-DIGIT PUBLISHED TELEPHONE NUMBER?
 2. MAY A MUNICIPAL POLICE DEPARTMENT LAWFULLY RECORD BOTH INCOMING AND OUTGOING CALLS ON SUCH LINES?
 3. IF THE ANSWER TO EITHER OF THE PRECEDING QUESTIONS IS IN THE NEGATIVE, WILL THE ADDITION OF AN AUDIBLE "BEEPER" SIGNAL ALLOW SUCH RECORDING?
Your questions are related and will be answered together.
You state in your inquiry that the City of Indian Harbour Beach recently became a party to Brevard County's "911" emergency telephone system. Five "911" lines now serve the city's police department and are for incoming calls only, which are recorded pursuant to s 934.03(2)(g)2., F.S. However, three additional telephone lines with normal seven-digit telephone numbers also serve the police department. Although the number listed for these lines in the current telephone directory is designated for "nonemergency calls," previous directories listed the number as an emergency number, and you further state that such seven-digit number "is commonly known to the residents of the City as the police department telephone number, and continues to be listed in many `unofficial' publications promulgated by various civic groups in the area." Accordingly, the police department continues to receive some emergency calls on the lines served by this number despite implementation of and publicity given to the "911" system. Thus, in light of certain provisions of Ch. 934, F.S., the department asks whether it may lawfully record incoming emergency calls in the public interest and for other investigatory purposes where such calls are received on the lines served by the above-mentioned seven-digit number and where such lines may also be used for outgoing calls, and whether the installation of a "beeper" giving an audible signal approximately every fifteen seconds would help resolve any legal impediments to recording of calls on the lines served by the seven-digit number.
The statutory provisions relevant to each of your questions are found in the Security of Communications Law, Ch. 934, F.S., at s934.03(2)(g), F.S., which reads as follows:
It is lawful under this chapter for an employee of:
 1. An ambulance service licensed pursuant to s. 401.25, a fire station employing firefighters as defined by s. 633.30, a public utility as defined by ss. 365.01 and 366.02, a law enforcement agency as defined by s. 934.02(10), or any other entity with published emergency telephone numbers, or
 2. An agency operating an emergency telephone number "911" system established pursuant to s. 365.171,
 to intercept and record incoming wire communications; however, such public utility may intercept and record incoming wire communications on published emergency telephone numbers only. (e.s.)
See, s 934.02(10), F.S., defining "law enforcement agency" to mean
 an agency of the state or a political subdivision thereof or of the United States if the primary responsibility of the agency is the prevention and detection of crime or the enforcement of the penal, traffic, or highway laws of this state and if its agents and officers are empowered by law to conduct criminal investigations and to make arrests.
See also, AGO 83-41, concluding that a municipal police department is a law enforcement agency as that term is defined in s934.02(10).
Since s 934.03(2)(g), F.S., specifically and clearly provides that "[i]t is lawful under this chapter for an employee of . . . a law enforcement agency as defined by s. 934.02(10) . . . to intercept and record incoming wire communications," a municipal police department may lawfully record incoming calls to the department's lines served by its seven-digit published telephone number. It does not appear from the plain language of s 934.03(2)(g) that the separate use of a "911" system established pursuant to s 365.171, F.S., has any effect on the declared lawfulness of such law enforcement agency's interception and recording of incoming wire communications on other lines with such numbers as may be published or otherwise commonly known to the public as the agency's telephone number.
With respect to your question as to the lawfulness of recording incoming and outgoing calls, your attention is directed to s934.03(1)(a), F.S., providing in pertinent part that "[e]xcept as otherwise specifically provided in this chapter, any person who . . . [w]illfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication . . . shall be guilty of a felony of the third degree. . . ." (e.s.) See also, s 934.02(3), F.S., defining "intercept" to mean "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." The only specific provisions of Ch.934, F.S., of which I am aware or to which my attention has been drawn which make such interception by a municipal police department lawful are contained in s 934.03(2), F.S., and in ss934.07 and 934.09, F.S., providing a procedure for obtaining a court order authorizing such interception.
See, AGO 80-5 concluding that the exception in s 934.03(2)(c) permitting the interception of a wire communication by a law enforcement officer when he is a party to the communication or when one of the parties thereto have given prior consent and the purpose of the interception is to obtain evidence of a criminal act is not broad enough to permit the blanket recording of every telephone call received on a police department's emergency, complaint and information lines; in addition the exception afforded by s 934.03(2)(d) permitting the interception of a wire communication when each of the parties to the conversation has given his or her prior consent would not appear to be applicable. Thus, the provision relevant to your inquiry is s 934.03(2)(g), F.S., which permits a law enforcement agency "to intercept and record incoming wire communications." (e.s.) See, Ch. 80-27, Laws of Florida, amending Ch. 934 to permit law enforcement agencies to intercept and record incoming wire communications. Under the rule "expressio unius est exclusio alterius," a statute enumerating the things upon which it operates is ordinarily to be construed as excluding from its operation those things not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). Moreover, Ch. 934, as a penal statute, should be strictly construed, and the enumeration of exceptions thereto gives rise to a strong inference that no other exceptions were intended. See, AGO 79-93 and cases and authorities cited therein. Therefore, in the absence of an applicable exception specifically provided in Ch. 934, a municipal police department may not lawfully record outgoing calls on the department's telephone lines but may only record incoming calls.
Since, absent an applicable exception, the pertinent statutory provisions do not authorize or operate to make lawful the interception or recording of any outgoing calls on telephone lines serving the municipal police department of the City of Indian Harbour Beach, I am unable to conclude that the use of an audible "beeper" signal or any other device makes such interception or recording lawful. With respect to the use of such devices, I can only reiterate the comments made in AGO 80-5, in which I responded to a suggestion that, since the definition of "oral communication" at s 934.02(2), F.S., referred to an expectation that such communication would not be intercepted, the use of a "beep" tone device would remove any such expectation and therefore permit the interception and recording of the communication.
 [T]he use of an operating, audible "beep" tone device is not relevant to the issue raised by your inquiry. It is only with respect to "oral communication(s)," as that term is defined by s. 934.02(2), that the expectation of privacy described in s. 934.02(2) or the apprising of a person that his or her conversation is being recorded becomes relevant. . . . The only relevant inquiries with respect to the interception and recording of wire communications are whether such recording is specifically authorized by one of the exceptions provided in s. 934.03(2) or whether it is conducted pursuant to a properly issued court order as provided in s. 934.09.
Therefore, since your inquiry refers to wire communication as that term is defined at s 934.02(1), F.S., and not to oral communications to which an expectation of privacy is relevant, the addition of an audible "beeper" signal will not allow recording of any wire communications for which no specific statutory authorization exists in Ch. 934, F.S.
In sum, then, unless and until legislatively or judicially determined otherwise, I am of the opinion that, pursuant to s934.03(2)(g), F.S., a municipal police department may lawfully record incoming calls to the department's lines served by its seven-digit telephone number; however, in the absence of an applicable exception specifically provided in Ch. 934, F.S., a municipal police department may not lawfully record the outgoing calls on such lines, whether or not such telephone lines are equipped with an audible "beeper" signal.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General