Mr. Tyrone E. May City Attorney City of Vernon 610 West Beach Drive Panama City, Florida 32401
Dear Mr. May:
You have asked the following questions:
 (1) MAY THE CITY OF VERNON, AFTER ENACTING A PUBLIC SERVICE TAX OF 6 PERCENT PER TAXABLE ITEM OR SERVICE ON ELECTRICITY, BOTTLED AND METERED GAS, FUEL OIL, AND TELECOMMUNICATIONS SERVICES, PROVIDE FOR A MAXIMUM TAX OF $25 PER MONTHLY BILLING OF EACH TAXABLE ITEM OR SERVICE OF ELECTRICITY, BOTTLED AND METERED GAS, FUEL OIL AND TELEGRAPH SERVICES?
 (2) IF SUCH A CAP IS PERMISSIBLE, MAY THE CITY OF VERNON PROVIDE THAT THE $25 TAX CAP BE APPLICABLE ONLY TO THOSE ITEMS ENUMERATED IN s. 166.231(1)(a), F.S. (1986 SUPP.) (ELECTRICITY, BOTTLED OR METERED GAS, WATER SERVICE), AND NOT LOCAL TELEPHONE SERVICE, WHICH WOULD BE TAXED AT 6 PERCENT WITH NO CAP?
QUESTION ONE
You state that the City of Vernon recently enacted a public service tax pursuant to s. 166.231, F.S. The tax rate has been set at 6 percent. According to your letter, the City Council is interested in placing a monthly cap of $25 per taxable item or service, although the 6 percent base rate would remain in effect up to the tax yield of $25. You inquire whether the city has the authority, in light of the exemptions in s. 166.231, to provide an additional exemption for all taxes from the purchase of electricity, bottled and metered gas, fuel oil, and telegraph services exceeding $25.
Section 166.231, F.S. (1986 Supp.), authorizes municipalities to levy a public service tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service, as well as telecommunication services and competitive services. See, s. 166.231(1)(a)(2) and (9). Subsection (1)(a) of s. 166.231, F.S. (1986 Supp.), in part provides:
 The tax shall be levied only upon purchases [of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured) and water service] within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.
See also, s. 166.231(9)(a)1. and 2., providing a cap of 10 percent and 7 percent respectively on the monthly recurring customer service charges for local telephone service and intrastate telecommunication services. And see, s. 166.232, F.S., which grants a municipality the option to levy the tax authorized under s. 166.231, F.S., on a physical unit basis when applied to electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), fuel oil, kerosene, and water.
A monthly tax cap of $25 per taxable item or service, in effect, exempts from taxation that portion of the taxable value of the item or service generating tax revenue in excess of $25. Section 2, Art. VIII, State Const., gives municipalities "home rule powers" which may be exercised for any valid municipal purpose, "except as otherwise provided by law." However, the taxing power of municipalities is not derived from s. 2(b), Art. VIII, State Const; rather, the origin of such taxing power and the limitations on its exercise are found in ss. 1(a) and 9(a), Art. VII, State Const., and such general or special laws concerning other taxes as may be enacted by the Legislature. See, AGO's 80-87 and 79-26 concluding that a municipality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom, as all such taxing power must be authorized by general law. In exercising its taxing power, a municipality is limited to that taxing power expressly, or by necessary implication, conferred. See, AGO 79-26. Thus, as a general rule, "a municipality . . . has no inherent power to exempt from taxation property which it is authorized by statute or charter to tax, since, with some exceptions, delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes. . . ." 16 McQuillin Municipal Corporations s. 44.65 p. 204. Similarly, without legislative authority, a municipality may not contract away its power to impose taxes or impose taxes only under certain conditions. Eastern Shores v. City of North Miami Beach, 363 So.2d 321, 323 (Fla. 1978).
Section 166.231, F.S., sets forth several exemptions to the public service tax. See, e.g., s. 166.231(3), allowing municipalities to exempt from taxation any amount up to, and including, the first 500 kilowatt hours of electricity purchased per month for residential use. The exemptions do not, however, provide for a $25 tax cap on the public service tax. It is a well settled rule of statutory construction that the express mention of one thing in a statute implies the exclusion of another. Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
Sections 166.231 and 166.232, F.S., grant a municipality the power to levy the public service tax. The sections do not authorize or otherwise empower the municipality to exempt from taxation that portion of the service generating tax revenue in excess of $25. Nor can such a substantive power be implied from the power granted in ss. 166.231 and 166.232, F.S. Accordingly, I am of the opinion that the City of Vernon may not provide for a maximum tax of $25 per monthly billing of those items or services taxable pursuant to s. 166.231, F.S. (1986 Supp.).
QUESTION TWO
In light of my response to your first question, it is unnecessary to respond to your second question. But see, AGO 79-26, stating that the conjunctive language of ss. 166.231 and 166.232, F.S., precludes a municipality from choosing which of the enumerated services it will tax on a percentage rate basis and which services will be taxed on a physical unit basis.
In summary, I am of the opinion that a municipality in levying a public service tax pursuant to s. 166.231, F.S. (1986 Supp.), on the purchase of utility services, may not provide an exemption for that portion of the utility service which would generate tax revenue in excess of $25 per item or service in a monthly billing.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Lagran Saunders Assistant Attorney General