The Honorable Daniel M. Bodiford Walton County Clerk of the Circuit Court Post Office Box 1260 DeFuniak Springs, Florida 32435
Dear Mr. Bodiford:
You ask substantially the following question:
To whom should the clerk of the circuit court disburse funds pursuant to section 318.21(10), Florida Statutes (1996 Supplement), when the county does not participate in an intergovernmental radio communication program approved by the Department of Management Services and the municipality has contracted with the sheriff's office to provide law enforcement services within the municipality?
In sum:
Section 318.21(10), Florida Statutes (1996 Supplement), directs the clerk of the circuit court to disburse the funds to the municipality in which the traffic violation occurred. Such funds, however, must be used to fund local law enforcement automation.
According to your letter, Walton County is not participating in an intergovernmental radio communication program approved by the Division of Communications of the Department of Management Services.
Section 318.21, Florida Statutes (1996 Supplement), provides a scheme for the distribution of civil penalties by county courts. The act states that "(a)ll civil penalties received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly (pursuant to the formula established by the act)."[1] Subsection (10) of the statute provides:
"Twelve dollars and fifty cents from each moving traffic violation must be used by the county to fund that county's participation in an intergovernmental radio communication program approved by the Division of Communications of the Department of Management Services. If the county is not participating in such a program, funds collected must be used to fund local law enforcement automation and must be distributed to the municipality or special improvement district in which the violation occurred or to the county if the violation occurred within the unincorporated area of the county."
Two incorporated towns in the county do not provide their own law enforcement; instead such services are provided by the county sheriff. You, therefore, inquire whether you, as clerk, should disburse the funds to the two towns or to the sheriff's office which is providing law enforcement services to the towns.
Section 318.21(10), Florida Statutes (1996 Supplement), directs the clerk to distribute the funds to the municipality in which the violation occurred. It is a rule of statutory construction, that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[2]
Accordingly, while the two towns in Walton County may have an agreement with the sheriff for the provision of law enforcement services, you must distribute the funds pursuant to section318.21(10), Florida Statutes (1996 Supplement), to the town in which the offense occurred. The town, however, may not use the monies so received for any purpose other than to fund local law enforcement automation. While the town may deem it appropriate to transfer the monies received pursuant to section 318.21(10), Florida Statutes (1996 Supplement), to the sheriff, that decision rests with the town, not the clerk.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Cf., Art. V, s. 20(c)(8), Fla. Const. (fines and forfeitures received from violations of ordinances or misdemeanors committed within a county or municipal ordinances committed within a municipality shall be paid monthly to the county or municipality respectively); s. 142.03, Fla. Stat. (except as provided therein, fines, forfeitures, and civil penalties for violations of Ch. 316 committed within a municipality, or infractions under Ch. 318 committed within a municipality, shall be fully paid monthly to the appropriate municipality as provided in ss. 34.191, 316.660, and 318.21); s. 34.191(1), Fla. Stat. (1996 Supp.). And see, s.316.660, Fla. Stat. (1996 Supp.), stating that "[e]xcept as otherwise provided by law, all fines and forfeitures received by any county court from violations of any of the provisions of this chapter, or from violations of any ordinances adopting matter covered by this chapter, must be paid and distributed as provided in s. 318.21."
[2] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way"); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).