Mr. Michael Dyer Attorney for Town of Ponce Inlet Post Office Box 15110 Daytona Beach, Florida 32115
Dear Mr. Dyer:
As town attorney for the Town of Ponce Inlet, you have asked for my opinion on substantially the following question:
Is the Town of Ponce Inlet authorized to expend local option fuel tax moneys collected pursuant to section 336.025, Florida Statutes, for the construction of bicycle paths adjacent to roads or streets?
In sum:
Tax moneys collected pursuant to section 336.025, Florida Statutes, may not be used to construct bicycle paths separate and apart from roads or streets. However, several other possible revenue sources such as the constitutional fuel tax and special assessments are available for bicycle path construction.
According to your letter, the Town of Ponce Inlet is in the process of planning a system of bicycle paths to be located adjacent to roadways and streets throughout the town. These will take the form of separate bicycle path construction apart from the bed of the roadway. You have asked whether the construction of these bicycle paths may be funded from revenues generated from a local option fuel tax authorized by section336.025, Florida Statutes.
Section 336.025, Florida Statutes, authorizes the levy of local option fuel taxes on motor fuel and diesel fuel for local transportation system projects. Section 336.025(1)(a)2., Florida Statutes, provides that "[c]ounty and municipal governments shall utilize moneys received pursuant to this paragraph only for transportation expenditures."
Further, section 336.025(1)(b)3., Florida Statutes, states:
"County and municipal governments shall utilize moneys received pursuant to this paragraph only for transportation expenditures needed to meet the requirements of the capital improvements element of an adopted comprehensive plan. For purposes of this paragraph, expenditures for the construction of new roads, the reconstruction or resurfacing of existing paved roads, or the paving of existing graded roads shall be deemed to increase capacity and such projects shall be included in the capital improvements element of an adopted comprehensive plan. Expenditures for purposes of this paragraph shall not include routine maintenance of roads."
"Transportation expenditures" are defined for purposes of this statute as:
"[E]xpenditures by the local government from local or state shared revenue sources, excluding expenditures of bond proceeds, for the following programs:
(a) Public transportation operations and maintenance.
(b) Roadway and right-of-way maintenance and equipment and structures used primarily for the storage and maintenance of such equipment.
(c) Roadway and right-of-way drainage.
(d) Street lighting.
(e) Traffic signs, traffic engineering, signalization, and pavement markings.
(f) Bridge maintenance and operation.
(g) Debt service and current expenditures for transportation capital projects in the foregoing program areas, ncluding construction or reconstruction of roads."[1]
In addition to these uses, counties that had a population of 50,000 or less on April 1, 1992, may use local option gas tax revenues to fund infrastructure projects that are consistent with the local government's approved comprehensive plan.[2]
Where a statute enumerates the things upon which it operates, it is ordinarily construed as excluding from its operation all things not expressly mentioned.[3] Thus, a listing of expenditures allowed for local option gas tax revenues precludes use of such revenues for any other purpose.
This office has, over the years, considered the expenditure of local option fuel taxes in a number of situations.[4] For example, Attorney General's Opinion 99-70, concluded that providing adequate road and right-of-way drainage in the form of canals or a retention pond appeared to be a basic requirement for an efficient drainage program and would have the appropriate nexus to be considered a valid transportation expenditure. Thus, local option fuel tax revenues could be used to fund the dredging of canals that the city maintained as part of the city's road and right-of-way drainage program.
In contrast, in Attorney General's Opinion 00-37 this office was asked to determine whether tax moneys collected pursuant to section 336.025, Florida Statutes, could be used for sidewalk construction as a stand-alone project. The sidewalks were to be constructed or extended without any accompanying road construction, reconstruction or maintenance. The opinion reviewed the definition of "transportation expenditures" and concluded that the construction of sidewalks does not fall within the scope of section 336.025, Florida Statutes, for the use of a local option fuel tax.
Like sidewalks, bicycle paths that are constructed separately from roads and streets would appear to be outside the scope of "transportation expenditures" as defined in section 336.025(7), Florida Statutes.
While section 336.025, Florida Statutes, does not authorize the use of local option fuel taxes for the construction of bicycle paths, other revenue sources are available to accomplish this type of project. Section206.47(7), Florida Statutes, authorizes the use of the constitutional fuel tax[5] for "the construction and installation of traffic signals, sidewalks, bicycle paths, and landscaping."[6] Further, a municipality may provide improvements such as bicycle paths by levying and collecting special assessments on the property that has been specially benefitted by such improvements as provided in section 170.01(1)(a), Florida Statutes. Thus, while the Town of Ponce Inlet may not use local option fuel tax moneys to construct bicycle paths, a number of options exist for funding this project.
Accordingly, it is my opinion that local option fuel tax funds may not be used to construct bicycle paths separate and apart from the road or street, as such a project would not be within the purposes authorized by section 336.025, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 336.025(7), Fla. Stat.
[2] See, s. 336.025(8), Fla. Stat.
[3] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[4] See, e.g., Ops. Att'y Gen. Fla's 90-79 (1990) (local option gas tax revenues used to fund paratransit or special transportation services to the transportation disadvantaged); 94-20 (1994) (use of local option gas tax revenues to repair and maintain airport runways); 97-25 (1997) (use of local option fuel tax revenues for public transportation operations and maintenance expenditures); 99-70 (1999) (use of local option fuel taxes for dredging canals); 00-37 (2000) (use of local option fuel tax revenues for sidewalk construction and tree trimming projects).
[5] See, s. 206.41(1)(a), Fla. Stat, which states that this tax is levied by s. 16, Art. IX, of the 1885 Florida Constitution, as amended, and continued by s. 9(c), Art. XII of the 1968 Florida Constitution.
[6] And see, Op. Att'y Gen. Fla. 00-37 (2000).