The Honorable Ralph L. Johnson Sheriff, Walton County 72 North Sixth Street DeFuniak Springs, Florida 32433
Dear Sheriff Johnson:
You ask substantially the following question:
Does section 790.08, Florida Statutes, permit the sheriff's department to legally return a weapon to its former owner after the six-month period for claiming the weapon has passed and ownership of the weapon has been forfeited to the state pursuant to that statute?
Section 790.08, Florida Statutes, requires officers making an a arrest of a person who has a weapon while engaged in a criminal offense to take possession of such weapon and deliver it to the sheriff of the county or the chief of police of the municipality in which the arrest is made.[1]
If the person arrested is convicted, then the seized weapon is forfeited to the state, with the sheriff acting as custodian.[2] If the person arrested is acquitted of the charges set forth in the statute or the charges are dismissed, subsection (3) provides that the weapon shall be returned. However, if the person "fails to call for or receive the same within 60 days from and after his or her acquittal or the dismissal of the charges," the weapon shall be delivered to the sheriff to be held by the sheriff as provided for in the statute. In addition, section 790.08(4), Florida Statutes, provides that weapons, electric weapons or devices, and arms coming into the hands of any of the peace officers of this state or its political subdivisions, which have been found abandoned or otherwise discarded or left in their hands and not reclaimed by the owners, shall within 60 days be delivered by such peace officers to the sheriff.
Pursuant to section 790.08(5), Florida Statutes:
"Weapons, electric weapons or devices, and arms coming into the hands of the sheriff pursuant to subsections (3) and (4) aforesaid shall, unless reclaimed by the owner thereof within 6 months from the date the same come into the hands of the said sheriff, become forfeited to the state, and no action or proceeding for their recovery shall thereafter bemaintained in this state." (e.s.)
Subsection (6) of the statute prescribes how such weapons forfeited to the state may be used or disposed of by the sheriff. If the weapon is suitable for use by the sheriff, it may be so used. If the weapon is not needed by the sheriff, it may be loaned to any other department of the state or to any county or municipality in need of such a weapon. If the weapon is not needed or is useless or unfit for use, section 790.08(6) provides:
"[It] shall be destroyed or otherwise disposed of by the sheriff as provided in chapter 705 or as provided in the Florida Contraband Forfeiture Act. All sums received from the sale or other disposition of the said weapons, electric weapons or devices, or arms disposed of by the sheriff under chapter 705 as aforesaid shall be paid into the State Treasury for the benefit of the State School Fund and shall become a part thereof. All sums received from the sale or other disposition of any such weapons, electric weapons or devices, or arms disposed of by the sheriff under the Florida Contraband Forfeiture Act shall be disbursed as provided therein."[3]
As you note, while there are a number of dispositions available to the sheriff under Chapter 705, Florida Statutes, or under the Florida Contraband Forfeiture Act, returning the weapon to the owner is not among those listed. For example, section 932.7055(1), Florida Statutes, the Florida Contraband Forfeiture Act, permits a seizing agency obtaining forfeiture of personal property to elect to retain the property, sell the property at public auction or by sealed bid to the highest bidder, or salvage, trade, or transfer the property to any public or nonprofit organization. Section 705.105(1), Florida Statutes, in addressing unclaimed evidence or unclaimed tangible personal property seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding, or seized as evidence by and in the custody of a law enforcement agency, provides:
"(a) If the property is of appreciable value, the agency may elect to: 1. Retain the property for the agency's own use; 2. Transfer the property to another unit of state or local government; 3. Donate the property to a charitable organization; 4. Sell the property at public sale, pursuant to the provisions of s. 705.103. (b) If the property is not of appreciable value, the law enforcement agency may elect to destroy it."
Where the Legislature has prescribed the manner in which a thing is to be done or, in this case, specified how forfeited weapons are to be disposed of, it operates, in effect, as a prohibition against its being done in any other manner.[4] Accordingly, I am of the opinion that inasmuch as section 790.08, Florida Statutes, prescribes how weapons forfeited to the state under the terms of that statute are to be disposed of, the sheriff is bound by the terms of the statute and may not return the weapon to the former owner once the six-month period for claiming the weapon has passed and ownership of the weapon has been forfeited to the state.[5]
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 790.08(1), Fla. Stat. It should be noted that s. 790.08 is not applicable to any municipality in any county having home rule under the State Constitution, see s. 790.08(7), Fla. Stat.; Walton County, however, is a noncharter county.
[2] Section 790.08(2), Fla. Stat.
[3] And see s. 790.225(1), Fla. Stat., making it unlawful to manufacture, sell, or possess a ballistic self-propelled knife and making such knives subject to seizure and being disposed of as provided in s.790.08(1) and (6). See also s. 790.22, Fla. Stat., providing for the seizure and disposal of any firearm that is possessed or used by a minor in violation of this section in accordance with s. 790.08(1)-(6).
[4] See generally Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (where Legislature prescribes the mode, that mode must be observed);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] I would note that Attorney General Opinion 85-92 concluded that once a sheriff decides to retain a discarded or abandoned weapon forfeited to the state, such weapon becomes tangible personal property of the sheriff's office. Should the sheriff later decide to dispose of the weapon, it would be subject to disposal pursuant to the provisions in Chapter 274, Florida Statutes, relating to the disposal of tangible personal property owned by local governments. See s. 274.01(1), Fla. Stat., defining "Governmental unit" to mean, among others, the sheriff of the county. And see s. 274.05, Fla. Stat., stating that the governmental unit may offer surplus property to other governmental units in the county or district for sale or donation or may offer the property to private nonprofit agencies as defined in s. 273.01(3) by sale or donation; and s. 274.06, Fla. Stat., which sets forth an alternate procedure permitting disposition for value to any person, or disposition for value without bids to the state, to any governmental unit, or to any political subdivision as defined in s. 1.01, or if the property is without commercial value it may be donated, destroyed, or abandoned.