Ms. Rebecca Dirden Mattingly Secretary, Florida Lottery 250 Marriott Drive Tallahassee, Florida 32399-4000
Dear Secretary Mattingly:
According to your office's letter, the Florida Lottery has completed its procurement of a contract for a new lottery gaming system and related services. Whereas the former system communicated via telephone landlines, the new system will communicate primarily by satellite network. Lottery retailers will have a satellite antenna no more than 1.2 meters in diameter installed on their buildings for the purpose of communicating lottery terminal transactions to the system's host computers. While you do not anticipate any disputes over the authority to place antennas on buildings located in Florida, given the importance of a timely completion of the gaming system conversion, you request the opinion of this office on the following questions:
1. Do the Communications Act of 1934 and/or Federal Communications Commission regulations of small satellite earth stations (1.2 meters or less in diameter) preempt state and local government regulations on this topic?
2. Under what circumstances, if any, would state or local regulations of small satellite stations be considered valid and enforceable?
3. If it is legally possible for state or local regulations to be valid and enforceable under certain circumstances, what standard of proof applies to determining a regulation's validity and who bears the burden of proof?
4. What procedures would apply in the event that a local government were to object to the installation of a satellite antenna that is otherwise permissible under Federal Communications Commission regulations?
As your questions are interrelated, they will be answered together.
Section 25.104(b)(1), Code of Federal Regulations, provides:
"Any state or local zoning, land-use, building or similar regulation that affects the installation, maintenance, or use of a satellite earth station antenna that is two meters or less in diameter and is located or proposed to be located in any area where commercial or industrial uses are generally permitted by non-federal land-use regulation shall be presumed unreasonable and is therefore preempted subject to paragraph (b)(2) of this section. No civil, criminal, administrative, or other legal action of any kind shall be taken to enforce any regulation covered by this presumption unless the promulgating authority has obtained a waiver from the Commission pursuant to paragraph (e) of this section, or a final declaration from the Commission or a court of competent jurisdiction that the presumption has been rebutted pursuant to paragraph (b)(2) of this section."
Thus, the federal regulations preempt state and local regulations affecting the installation, maintenance or use of a satellite earth station antenna that is two meters or less in diameter and is located or proposed to be located in any area where commercial or industrial uses are generally permitted.[1] Such state and local regulations are presumed to be unreasonable.
In order to rebut the presumption of unreasonableness, a local government must show that its proposed regulation: 1) is necessary to accomplish a clearly defined health or safety objective stated in the regulation's text, 2) is no more burdensome to users of satellites than is necessary to achieve the health or safety objective, and 3) applies specifically on its face to antennas as described in this section.[2] By specifying that the presumption of unreasonableness may be overcome by health and safety objectives, it appears questionable whether local officials may regulate for aesthetic reasons.[3] While state and local governments can overcome the presumption, the burden of proof would appear to rest on the local government.[4]
The federal regulation also authorizes state or local authorities to apply to the Federal Communications Commission for a full or partial waiver in order to maintain and enforce zoning and other regulations that may be inconsistent with this section.[5] Such a waiver may be granted solely within the discretion of the Commission upon a showing that local concerns "of a highly specialized or unusual nature create a necessity for regulation inconsistent with this section."[6] The regulation further prescribes that no civil, criminal, administrative, or other legal action of any kind shall be taken to enforce any regulation covered by the presumption unless the promulgating authority has obtained a waiver from the Commission pursuant to 47 Code of Federal Regulations 25.104(e), or a final declaration from the Commission or a court of competent jurisdiction that the presumption has been rebutted pursuant to 47 Code of Federal Regulations 25.104(b)(2).
Sincerely,
Charlie Crist Attorney General
cc/tfl
[1] The rule was first adopted in 1986 and subsequently amended in 1996. See 51 Federal Register 5519, 61 Federal Register 10896 and61 Federal Register 46557. The 1986 federal regulation has been held to be a valid exercise of federal agency power to preempt state and local ordinances. See Van Meter v. Township of Maplewood, 696 F. Supp. 1024,1029 (D.N.J. 1988), citing New York v. FCC, 486 U.S. 57, 108 S.Ct. 1637,1641-44, 100 L. Ed. 2d 48 (1988).
[2] 47 C.F.R. 25.104(b)(2)(i)-(iii).
[3] Cf. Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be observed); Thayerv. State, 335 So.2d 815, 817 (Fla. 1976); and see, Ideal Farms DrainageDist. v. Certain Lands, 19 So.2d 234, 239 (Fla. 1944) (where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned).
[4] Cf. Nationwide Satellite Company v. Zoning Board of Adjustment ofthe Borough of Haddon Heights, 578 A.2d 389, 399-400 (N.J. Sup. Ct. 1990).
[5] 47 C.F.R. 25.104(e).
[6] Id.