Dear Mr. Marino:
On behalf of the City of Belleair Beach and the Town of Kenneth City, you ask the following question:
May a city council amend its city charter by ordinance pursuant to section 166.021(4), Florida Statutes, without a referendum, to change the day for induction into office of newly elected council members and the day for the council's first organizational meeting until after the Supervisor of Elections meets the requirements of section 101.048, Florida Statutes, and certifies the election?
The charter for the City of Belleair Beach provides that the first meeting to induct newly elected city council members is to be held on the day following the election of such members.[1] You state that the Town of Kenneth City has a similar provision in its charter. In light of 2005 changes to section 101.048, Florida Statutes,[2] allowing for a three-day period after an election for electors who cast provisional ballots to submit proof of their right to vote, there is a question as to how the cities may amend their charters to address the delay in certifying election results.[3]
Section 166.021(4), Florida Statutes, recognizes the constitutional grant of home rule powers to municipalities, with the noted exception that no changes may be made to a special law or municipal charter:
 "which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. Any other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed." (e.s.)
The clear language of the statute requires referendum approval as provided in section 166.031, Florida Statutes, for any change to a city's charter affecting the terms of elected officers, except when the charter is amended to move the election date and, as a result, the term of office is necessarily affected by such change. There is no exception for statutory changes to the Florida Election Code that may affect the ability of the supervisor of elections or the county canvassing board to certify the election. While the Legislature has enacted certain exceptions to the referendum requirements of section 166.031, Florida Statutes,[4] nothing in the act provides a general exception to the referendum requirement for other charter amendments.
Section 166.031(1), Florida Statutes, sets forth:
 "The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose." (e.s.)
This office has consistently concluded that charters or charter provisions adopted or readopted subsequent to the adoption of the Municipal Home Rule Powers Act in 1973 may only be amended as provided in section 166.031, Florida Statutes.[5] The legislative directive in section 166.031 as to how a municipal charter is to be amended is, in effect, a prohibition against its being done in any other way.[6] The charter for the City of Belleair Beach was adopted in 2002 and the charter for the Town of Kenneth City was adopted in 1982.[7] Thus, the procedure for amending municipal charters in section 166.031, prevails and would require referendum approval for any changes to the cities' charters, except those specifically enumerated in sections 166.021 and166.031, Florida Statutes.
Accordingly, it is my opinion that the City of Belleair Beach and the Town of Kenneth City may not amend their charters by ordinance to change the date of the induction of newly elected council members, absent referendum approval or absent a change by the Legislature to Florida Statutes.
Sincerely,
 Charlie Crist Attorney General
CC/tls
[1] Section 2.07, Art. II, Belleair Beach City Code, provides:
"City council meetings.
 (a) Organizational meeting. The first meeting of each newly elected council for induction into office shall be held on the day following the election."
[2] Section 24, House Bill 1567, 2005 Legislative Session, added the following language to section 101.048(1), Florida Statutes: "A person casting a provisional ballot shall have the right to present written evidence supporting his or her eligibility to vote to the supervisor of elections by not later than 5 p.m. on the third day following the election."
[3] Section 100.3605(1), Florida Statutes, provides that the Florida Election Code, Chapters 97-106, Florida Statutes, governs the conduct of municipal elections, absent a special act, charter, or ordinance provision. The section further states that "[n]o charter or ordinance provision shall be adopted which conflicts with or exempts a municipality from any provision in the Florida Election Code that expressly applies to municipalities."
Questions regarding the application of certain provisions of the Florida Election Code to municipalities should be addressed to the Division of Elections within the Department of State. See s. 106.23(2), Fla. Stat., authorizing the Division of Elections to provide advisory opinions when requested by any of several enumerated persons or entities which, until amended or revoked, shall be binding on the person or organization who sought the opinion, unless material facts were omitted or misrepresented.
[4] See, e.g., s. 166.031(3), Fla. Stat., stating that "[a] municipality may, by ordinance and without referendum, redefine its boundaries to include only those lands previously annexed and shall file said redefinition with the Department of State pursuant to the provisions of subsection (2)"; and s. 166.031(5), Fla. Stat., which permits a municipality, by unanimous vote of the governing body, to abolish municipal departments provided for in the municipal charter and amend provisions or language out of the charter which have been judicially construed, either by judgment or by binding legal precedent from a decision of a court of last resort, to be contrary to either the Florida Constitution or the Federal Constitution.
[5] See Ops. Att'y Gen. Fla. 2003-52 (2003) and 2003-36 (2003). Seealso Op. Att'y Gen. Fla. 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter) and Op. Att'y Gen. Fla. 79-80 (1979) (city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.). Cf., s. 166.031(3), Fla. Stat., authorizing the amendment of a municipal charter pursuant to s. 166.031, Fla. Stat., notwithstanding any charter provisions to the contrary.
[6] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944), and Thayerv. State, 335 So. 2d 815, 817 (Fla. 1976) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other manner).
[7] See Municipal Code Corporation website at www.municode.com,
Belleair Beach City Code, Adopted June 3, 2002, Effective June 13, 2002; Charter of the Town of Kenneth City, as adopted by ordinance number 297 on February 10, 1982, and by referendum on March 9, 1982.