Dear Ms. Kiefer:
On behalf of the City of Indian Rocks Beach, you have requested my opinion on substantially the following question:
May the City of Indian Rocks Beach amend the city charter to abolish the charter offices of City Clerk and City Treasurer by unanimous vote of the city commission pursuant to section 166.031(5), Florida Statutes?
The Charter of the City of Indian Rocks Beach, Florida, was originally enacted on October 17, 1988, and approved by referendum on November 7, 1988. The current version of the charter was adopted in 1991.
Article VI of the city charter makes provision for charter officers and administrative departments of the city. Section 6.1, Article VI, provides that:
"There shall be appointed a city clerk, city treasurer and city attorney who shall serve at the pleasure of the city commission and said officers shall be considered `charter officers.'
* * *
The city commission may contract for the services of charter officers and set forth the terms of employment including but not limited to services to be rendered, compensation and termination of contract."
Thus, pursuant to the city charter, the "charter officers" are appointed by the city commission and may be employed by contract.
The duties and responsibilities of these offices are also set forth in the charter:
"The city clerk shall be head of the department of records and shall coordinate these duties with the city manager. The city clerk shall:
(1) Give notice of commission meetings to its members and the public and shall keep the record of its proceedings which shall be a public record.
(2) Be custodian of all records, documents and papers of the city.
(3) Attest all contracts and agreements to which the city is a party.
(4) Be custodian of the seal of the city and is authorized to affix same to such instruments of writing as is necessary.
(5) Supervise the city elections.
(6) Be responsible for the supervision of all city clerk department personnel.
(7) Administer oaths as necessary.
(8) Be the secretary ex-officio for all meetings of the commission and such other boards as may be designated by commission and keep a true and correct record of all such proceedings.
(9) Maintain the schedules and rules pertinent to the Charter and ordinance reviews, provided for in Article XIV pertaining to "initiative, referendum and recall" and advise the commission accordingly.
(10) Perform such other duties as may be required by the commission as well as other duties as required by the Laws of Florida, and further the city clerk shall comply with administrative regulations.
(11) The city clerk, with the approval of the city commission, may appoint deputy clerks who when appointed shall have such powers and authority as shall be conferred by the city commission."[1]
Like the City Clerk, the City Treasurer is appointed by the City Commission. The City Treasurer is the head of the accounting department and is
"responsible for the equipment of finance, accounting, cashiering, licensing, billing and collecting sums due the city and related financial accounting and systems operations. The city treasurer shall be personally responsible for maintaining current and accurate accounting records of city activities, in accordance with accepted municipal accounting practices and governing city laws. He shall issue monthly financial reports to the city commission. All matters concerning the fiscal and financial conditions of the city shall be his responsibility and he shall assist in preparing the annual financial budget, the monthly financial reports, showing comparison of revenue and expenditures to anticipated revenues and appropriation expenditures. He shall be responsible for advising the city manager and the city commission as soon as possible concerning any significant deviation. The city treasurer shall be personally responsible for adequate safeguards for city assets, including cash, inventories, equipment and pertinent records concerning the same, as well as records of all receivables and liabilities of the city. Adequate safeguards shall include the proper internal control procedures and sufficient insurance concerning any theft, casualty and liability exposure. The city treasurer shall be custodian of all moneys of the city and responsible for prompt depositing of all receipts in designated bank accounts as well as responsible for prompt payment of current bills and obligations against the city, when approved. The city treasurer shall be properly and sufficiently bonded."[2]
You have asked whether the city charter may be amended and these offices abolished by the city pursuant to section 166.031(5), Florida Statutes, which allows the city commission to amend the charter by unanimous vote rather than by referendum.
Article VIII, section 2(a), Florida Constitution, provides that municipal charters may be amended pursuant to general or special law. The procedure for the amendment of a city charter adopted or readopted after the adoption of the Municipal Home Rule Powers Act in 1973, is provided in section 166.031, Florida Statutes. Section 166.031(1), Florida Statutes, states:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."[3]
Subsection (1) of section 166.031, Florida Statutes, thus provides the method for amending municipal charters. If the proposed amendment receives the favorable vote of a majority of the municipal electors voting in the referendum, the governing body shall incorporate the amendment into the charter and file a copy of the revised charter with the Department of State, at which time the revised charter shall become effective.[4] Section 166.031(3), Florida Statutes, provides that a municipality may amend its charter as described above, even if the charter itself provides otherwise.
This office has previously stated that a municipal charter provision adopted or readopted after the enactment of the Municipal Home Rule Powers Act in 1973 must be amended in accordance with section 166.031, Florida Statutes. For example, in Attorney General Opinion 75-223, this office specifically advised the City of Tamarac that its charter, readopted after 1973, could not be amended except as provided in section 166.031.
Similarly, in Attorney General Opinion 79-80, this office stated that the Lake Wales City Commission could not unilaterally amend its municipal charter, but could only propose an amendment that would be submitted to the municipal electors for their approval at a referendum held for that purpose. More recently, in Attorney General Opinion 97-53, this office concluded that a city commission could not delegate its canvassing board duties to a consolidated municipal canvassing board, absent an existing charter provision authorizing such a transfer or an amendment to the city's charter approved in a referendum by the city's electorate.[5]
While the Legislature has enacted certain exceptions to the referendum requirements of section 166.031, Florida Statutes, [6] no such exception exists for the type of amendment under consideration by the City of Indian Rocks Beach.
Section 166.031 prescribes the manner for amending municipal charters adopted subsequent to the effective date of the Municipal Home Rule Powers Act. It is a fundamental principle of statutory construction that a legislative directive as to how a thing shall be done is, in effect, a prohibition against it being done in any other way.[7]
I am aware that section 166.031(5), Florida Statutes, authorizes a municipality, by unanimous vote of the governing body, to abolish municipal departments. While the City Clerk and City Treasurer may be the heads of municipal departments, these positions are designated "charter officers" and this office has no authority to extend the clear language of the statute to include officers within its terms.[8]
In sum, the City Commission of Indian Rocks Beach may amend the city charter to abolish the charter offices of City Clerk and City Treasurer only if such amendment is approved by referendum of the qualified electors of the municipality pursuant to section 166.031, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/t
[1] Article VI, s. 6.2, Charter, City of Indian Rocks Beach.
[2] Id., s. 6.3.
[3] For charters adopted prior to 1973 and not subsequently readopted, s. 166.021(4) and (5), Fla. Stat., nullified and repealed or converted into ordinances many provisions of municipal charters in existence on the effective date of the Municipal Home Rule Powers Act, which constituted limitations on, or pertained exclusively to, the power or jurisdiction of a municipality. Section 166.021(4), Fla. Stat., however, states:
"[N]othing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates for changes in terms of office necessitated by such changes in elections dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. . . ."
[4] See s. 166.031(2), Fla. Stat.
[5] And see Op. Att'y Gen. Fla. 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter).
[6] See, e.g., s. 166.031(3), Fla. Stat., stating:
"A municipality may, by ordinance and without referendum, redefine its boundaries to include only those lands previously annexed and shall file said redefinition with the Department of State pursuant to the provisions of subsection (2)."
And see s. 166.031(5), Fla. Stat. (municipality may, by unanimous vote of the governing body, abolish municipal departments provided for in the municipal charter and amend provisions or language out of the charter which has been judicially construed, either by judgment or by binding legal precedent from a decision of a court of last resort, to be contrary to either the State Constitution or Federal Constitution); and ss. 166.021(4) and 100.3605, Fla. Stat., authorizing the governing body of a municipality to change the dates for qualifying and for the election of members of the governing body of the municipality by ordinance and provide for the orderly transition of office resulting from such date changes.
[7] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944);Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976); Op. Att'y Gen. Fla. 01-15 (2001).
[8] The Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute.Cf. Chaffee v. Miami Transfer Company, Inc., 288 So. 2d 209 (Fla. 1974); Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986), and 82-20 (1982).