Mr. Fred S. Disselkoen, Jr. Ormond Beach City Attorney Post Office Box 277 Ormond Beach, Florida 32175-0277
Dear Mr. Disselkoen:
You ask the following questions:
1. May a city commission delegate its canvassing board duties to a consolidated municipal canvassing board, absent a charter provision authorizing such a transfer?
2. If not, may the city's charter be amended to allow the delegation of the canvassing board's duties to a consolidated municipal canvassing board by ordinance, without a referendum?
In sum:
A city commission may not delegate its canvassing board duties to a consolidated municipal canvassing board, absent an existing charter provision authorizing such a transfer or an amendment to the city's charter approved in a referendum by the city's electorate.
Since your questions are interrelated, they will be addressed together.
The county's supervisor of elections has suggested that cities in Volusia County holding their elections on the same day should each designate two representatives to serve on a combined Municipal Canvassing Board, rather than having all of the cities' individual canvassing boards at the elections office on election night. You are concerned, however, that the charter for the City of Ormond Beach does not presently provide for the delegation of such powers by the city's governing body/canvassing board and that a charter amendment approved by referendum would be necessary in order to carry out such a plan. In light of the current charter that was adopted by referendum on November 9, 1988, this office agrees that any amendment to the terms of the charter must be accomplished by referendum approval.[1]
According to your letter, section 5.07 of the City of Ormond Beach Charter provides:
"The city commission shall also serve as the city canvassing board, and the mayor shall serve as the chairman. At the close of the polls of any city election, or as soon thereafter as practicable, the board shall meet at a time and place designated by the chairman and shall proceed to publicly canvass the absentee electors' ballots and then publicly canvass the vote as shown by the returns then on file in the office of the city clerk. The results as certified by the board shall be declared to be the result of the election. The city clerk shall furnish each candidate declared to be elected a certificate of election by noon of the second day following the day of election."
No part of the code has been cited that contemplates the delegation of the canvassing duties to any one other than the city commission or the mayor.
Section 166.021(1), Florida Statutes, recognizes the home rule powers granted to municipalities in section 2(b), Article VIII of the State Constitution, stating that they "may exercise any power for municipal purposes, except when expressly prohibited by law." However, the amendment of a provision in a city's charter adopted or readopted after the effective date of the Municipal Home Rule Powers Act, July 1, 1973, may only be accomplished as provided in section 166.031, Florida Statutes.[2] As noted above, the charter for the City of Ormond Beach was adopted in 1988.
Section 166.031, Florida Statutes, states:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter, except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
Thus, the amendment of the city's charter provision governing the activities of the canvassing board would have to be in accordance with section 166.031, Florida Statutes, requiring referendum approval.[3]
While this office does not interpret local codes and charters, in this instance the plain language of the city's charter requires the members of the city commission, with the mayor serving as the chairman, to constitute the canvassing board. The proposed action here is not simply a delegation of canvassing board duties to individuals who will act on behalf of the commissioners and mayor in canvassing the election returns for the City of Ormond Beach. Rather, an entirely new entity in the nature of a county-wide consolidated canvassing board would be created to centralize the canvassing duties of all municipalities within the county. This new entity, composed of members from outside the municipality as well as the two representatives from the city, would carry out the duties presently prescribed in the city's charter to be performed by the commissioners and the mayor.
While there appears to be nothing that would preclude the commission and the mayor from delegating their individual authority to an agent acting on each one's behalf and sitting as the canvassing board prescribed by the charter, the creation of a separate entity goes beyond such delegation and would involve the creation of a separate entity not contemplated or authorized by the city's charter.[4]
As noted above, section 166.031 Florida Statutes, permits changes in a municipal charter only with referendum approval. If the city wishes to change the manner in which the powers of the canvassing board are exercised or to create an entirely new board, such a change must be accomplished in a manner consistent with the requirements of section 166.031, Florida Statutes, i.e., by a referendum of the electors of the city.[5]
Accordingly, it is my opinion that the city commission may not delegate its canvassing board duties, as prescribed by the city charter, to a consolidated countywide municipal canvassing board, absent an amendment to the city's existing charter by referendum approval of the city's electorate.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Op. Att'y Gen. Fla. 77-135 (1977), in which this office concluded that charter provisions adopted or readopted after the effective date of the Municipal Home Rule Powers Act (July 1, 1973) may be amended only pursuant to section 166.031, Fla. Stat., requiring referendum approval.
[2] Id. And see, Fla. Op. Att'y Gen. 79-80 (1979) (city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.).
[3] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[4] See, City of Tampa v. Salomonson, 17 So. 581 (Fla. 1895), in which the Court concluded that while a municipal corporation can delegate its authority to perform a ministerial act, it cannot appoint four agents for such purpose, and authorize them to select for it a fifth.
[5] See, Barry v. Garcia, 573 So.2d 932, 938 (Fla. 3d DCA 1991).