Mr. William R. Scherer Attorney for the North Broward Hospital District Post Office Box 14723 Fort Lauderdale, Florida 33302
Dear Mr. Scherer:
On behalf of the North Broward Hospital District, you ask substantially the following questions:
1. Does the term "membership" used in section 617.0808(1), Florida Statutes, refer to corporate members of a not-for-profit corporation or is it limited to the members of the board of directors?
2. May the sole member of a not-for-profit corporation amend its bylaws to provide that it may only remove a director for cause, as that term is defined by the sole member?
In sum:
1. The term "membership" as used in section 617.0808(1), Florida Statutes, refers to the members of the not-for-profit corporation and is not limited to the members of the board of directors.
2. Section 617.0808, Florida Statutes, requires that the articles of incorporation include a provision that any member of the board of directors may be removed from office with or without cause by the vote or agreement in writing by a majority of all votes of the membership of the corporation, such that the bylaws may not be amended to provide for removal of a director only for cause.
You state that the North Broward Hospital District (district) is the sole member of the North Broward Hospital District Charitable Foundation, Inc. (Foundation), a not-for-profit corporation organized under Chapter 617, Florida Statutes. The Foundation is the sole member of Heart of Broward Foundation Corporation (Heart of Broward), also a not-for-profit corporation. The district proposes that the Foundation enter into an agreement with Heart of Broward to limit the Foundation's ability to remove directors from Heart of Broward's board of directors. The proposed agreement provides that a director may only be removed for cause, in accordance with the Foundation's definition of cause.
Since your questions are interrelated, they will be addressed together.
Section 617.0808, Florida Statutes, in pertinent part, provides:
"A director may be removed from office pursuant to procedures provided in the articles of incorporation or the bylaws, whichshall provide the following, and if they do not do so, shall bedeemed to include the following:
(1) Any member of the board of directors may be removed from office with or without cause by the vote or agreement in writing by a majority of all votes of the membership.
(2) The notice of a meeting of the members to recall a member or members of the board of directors shall state the specific directors sought to be removed.
* * *
(4) If removal is effected at a meeting, any vacancies created thereby shall be filled by the members at the same meeting.
(5) Any director who is removed from the board shall not be eligible to stand for reelection until the next annual meeting of the members." (e.s.)
While the term "membership" is not defined for purposes of Chapter 617, Florida Statutes, "[m]ember" is defined as "one having membership rights in a corporation in accordance with the provisions of its articles of incorporation or bylaws or the provisions of this act."[1]
Use of the term "member" and "membership" throughout the statute more readily relates to a member of the corporation, rather than a more limited definition of a member of the board of directors of the corporation. For instance, section 617.0202(2), Florida Statutes, states that the individual names of the initial members of the board of directors may be contained in the articles of incorporation, as well as provisions with respect to the relative rights or interest of the members, the manner of termination of membership in the corporation, the rights of terminated members, and the transferability of membership. A corporation may also issue certificates in any form evidencing "membership in the corporation."[2]
Thus, considering the use of the terms "member" and "membership" throughout the act and construing section 617.0808(1), Florida Statutes, consistently with that usage, it is my opinion that the term "membership" as used in section 617.0808(1), Florida Statutes, refers to the members of the not-for-profit corporation and is not limited to the members of the board of directors.
Section 617.0721, Florida Statutes, recognizes that generally "[m]embers are not entitled to vote except as conferred by the articles of incorporation or the bylaws."[3] Directors are to be elected or appointed in the manner and for the terms provided in the articles of incorporation or the bylaws.[4]
As noted above, however, section 617.0808, Florida Statutes, mandates that the articles of incorporation or the bylaws provide that removal of a member of the board of directors from office with or without cause be by a majority of all votes of the membership. If the articles of incorporation or the bylaws do not make such provisions, they are statutorily deemed to do so. Where the Legislature has directed how a thing is to be done, it operates as a prohibition against its being done in any other fashion.[5]
The initial bylaws of a corporation are adopted by the board of directors, with the power to alter, amend, or repeal the bylaws vested in such board unless otherwise provided in the articles of incorporation or the bylaws. More specifically, the "bylaws may contain any provision for the regulation and management of the affairs of the corporation not inconsistent with law or the articles of incorporation."[6] (e.s.)
Given the explicit statutory direction in section 617.0808, Florida Statutes, regarding removal of a member of a not-for-profit corporation's board of directors from office "with or without cause," regardless of such being memorialized in the corporation's bylaws, it is my opinion that the sole member of a corporation may not amend its bylaws to provide that it may only remove a director for cause, as that term is defined by the sole member.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 617.01401(9), Fla. Stat.
[2] Section 617.0505(2), Fla. Stat. See also, s. 617.0601(1)(a), Fla. Stat., allowing a corporation to have one or more classes of members or no members, and s. 617.0721(5), Fla. Stat., stating that "[i]f a corporation has no members or its members do not have the right to vote, the directors shall have the sole voting power."
[3] Section 617.0721(1), Fla. Stat.
[4] Section 617.0803(3), Fla. Stat.
[5] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) ("When the Legislature has prescribed the mode, that mode must be observed. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way"); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[6] Section 617.0206, Fla. Stat.