Mr. James D. Palermo Tampa City Attorney 315 East Kennedy Boulevard, Fifth Floor Tampa, Florida 33602
Dear Mr. Palermo:
On behalf of the City Council of the City of Tampa, you have requested my opinion on substantially the following question:
Is the City of Tampa authorized to auction its code enforcement board liens arising under Part I, Chapter 162, Florida Statutes, to private parties?
In sum:
The City of Tampa is not authorized to auction its code enforcement board liens arising under Part I, Chapter 162, Florida Statutes, to private parties for enforcement or foreclosure. However, the city may wish to consider contracting with a collection agency to pursue collection of code enforcement board liens on the city's behalf.
You have advised this office that the City of Tampa Code Enforcement Board was created under the authority of Part I, Chapter 162, Florida Statutes. The city operates the code enforcement board to enforce its housing and zoning codes as well as non-penal municipal ordinances. Over the years, the city has imposed a sizable number of liens arising under Part I of Chapter 162, but considers foreclosing on these liens to be impractical. A suggestion has been made that these liens could be auctioned to private bidders who could then proceed to foreclose on the property. You suggest that the money raised by these auctions could then be used to fund neighborhood improvements. You question whether such a procedure is permissible under the provisions of Part I, Chapter 162, Florida Statutes.
The intent of the Legislature in adopting the "Local Government Code Enforcement Boards Act"[1] was to
"promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."[2]
The act authorizes counties and municipalities to create or abolish by ordinance local government code enforcement boards pursuant to the provisions of the act.[3]
Section 162.09, Florida Statutes, authorizes the imposition of administrative fines for code violations and provides the resulting liens for failure to pay these fines. Subsection (3) of the statute states, in part:
"A lien arising from a fine imposed pursuant to this section runs in favor of the local governing body, and the local governing body may execute a satisfaction or release of lien entered pursuant to this section. After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien or to sue to recover a money judgment for the amount of the lien plus accrued interest. . . ."
The act provides that no lien can continue for longer than 20 years after the order imposing the fine has been recorded unless a court action is commenced.[4]
This office recently considered whether a municipality was authorized to enter into an agreement with a collection agency to compromise code enforcement board liens and pursue collection through litigation. In Attorney General Opinion 99-03, the City of Dania proposed to retain a collection agency to collect fines imposed by the city's code enforcement board. Significant to resolution of this issue was the language of section 162.09(3), Florida Statutes, allowing a local governing body to execute a satisfaction or release of lien. This language was read in light of Attorney General Opinion 98-40, which concluded that the authority to execute a satisfaction or release allowed a county commission to reduce or satisfy a fine that runs in favor of the commission. The 1999 opinion concluded that a local government was authorized to enter into an agreement with a collection agency to settle or compromise outstanding liens from code enforcement violations and pursue collection through litigation.
However, I would note that the arrangement discussed in Attorney General Opinion 99-03 did not result in the complete divestiture of these liens by the local governing body to a private party. Rather, a collection agency would receive a fee or a percentage of the money collected on behalf of the city and the city would continue to be responsible for making a determination that the lien has been paid and issuing a satisfaction or a release.
Section 162.09(3), Florida Statutes, provides that "[a] lien arising from a fine imposed pursuant to this section runs in favorof the local governing body, and the local governing body mayexecute a satisfaction or release of lien entered pursuant to this section."[5] This statutory scheme does not contemplate the enforcement of liens, or the issuance of satisfaction or release of code enforcement board liens, by private third parties outside the control of the local governing body. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[6]
Thus, while the City of Tampa may wish to consider contracting with a collection agency to pursue collection of code enforcement board liens on the city's behalf, it is my opinion that the city is not authorized to auction its code enforcement board liens arising under Part I, Chapter 162, Florida Statutes, to private parties for foreclosure.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 162.01, Fla. Stat., provides the short title for the act.
[2] Section 162.02, Fla. Stat., provides legislative intent for adoption of the act.
[3] See, s. 162.03(1), Fla. Stat.
[4] Section 162.10, Fla. Stat.
[5] Section 162.09(3), Fla. Stat.
[6] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Alsopv. Pierce, 19 So.2d 799 (Fla. 1944).