Dear Mr. Cheek:
On behalf of the City Commission of the City of Winter Park, you have asked for my opinion on substantially the following question:
Whether, pursuant to section 166.021, Florida Statutes, a municipality is precluded from adopting an ordinance providing a method for filling vacancies on appointive municipal boards if the municipal charter includes a provision authorizing the mayor to annually appoint members of these boards.
In sum:
Local legislation providing for filling vacancies on appointive municipal boards would not appear to violate the prohibition contained in section 166.021(4), Florida Statutes, precluding charter amendments dealing with "matters prescribed by the charter relating to appointive boards" as the municipal charter in this case contains no provision for filling vacancies on such boards.
The City of Winter Park charter provides that the mayor of the city "shall annually appoint members of the city boards subject to the approval of the commission."[1] Nothing in this charter provision or elsewhere in the charter addresses the issue of filling vacancies on these city boards. Ordinances of the city provide that the members of city boards are to be appointed by the mayor subject to the approval of the city commission at the first commission meeting in May of each year. With regard to vacancies, the city's code of ordinances provides:
"The mayor subject to the approval of the city commission shall promptly fill all vacancies occurring on boards and commissions. A vacancy shall be filled for the unexpired term of the member whose term becomes vacant."[2]
Thus, by ordinance, the current system authorizes the mayor to fill vacancies for the length of any remaining unexpired term.
You have advised that the city commission is currently considering an ordinance which would allow "alternate" members of many city boards and commissions to automatically advance to open board positions on the board on which they serve in the case of a vacancy on that board. You have asked whether such an ordinance may violate the provisions of section 166.021(4), Florida Statutes, by effectively amending the city charter through the process of adopting an ordinance.
Section 166.021(4), Florida Statutes, recognizes the constitutional grant of home rule powers to municipalities, with the noted exception that no changes may be made to a special law or municipal charter:
"which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. Any other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed." (e.s.)
The clear language of the statute requires referendum approval as provided in section 166.031, Florida Statutes, for any change to a city's charter affecting matters prescribed by the charter relating to appointive boards. There is no suggestion in your letter that the proposed ordinance has any effect on the mayor's annual appointment of members of city boards or commissions. Rather, the terms of the proposed ordinance would address vacancies that occur during a term of office of a sitting board member and would provide for interim service during the remainder of any term. The mayor's annual appointment power as provided in the charter would continue unaffected. Because the provisions of the proposed ordinance would not affect the charter provision authorizing the mayor to make annual appointments to city boards, it does not appear that the proposed ordinance would act as a charter amendment in possible violation of section 166.021, Florida Statutes, or section 166.031, Florida Statutes.
In the event that the City of Winter Park does seek to amend its charter to reflect these proposed changes for filling vacancies on municipal boards or commissions, section 166.031(1), Florida Statutes, states:
"The governing body of a municipality may, by ordinance, or the electors of a municipality may, by petition signed by 10 percent of the registered electors as of the last preceding municipal general election, submit to the electors of said municipality a proposed amendment to its charter, which amendment may be to any part or to all of said charter except that part describing the boundaries of such municipality. The governing body of the municipality shall place the proposed amendment contained in the ordinance or petition to a vote of the electors at the next general election held within the municipality or at a special election called for such purpose."
This office has consistently concluded that charters or charter provisions adopted or readopted subsequent to the adoption of the Municipal Home Rule Powers Act in 1973 may only be amended as provided in section 166.031, Florida Statutes.[3] The legislative directive in section 166.031 as to how a municipal charter is to be amended is, in effect, a prohibition against its being done in any other way.[4] The charter for the City of Winter Park was adopted by referendum in 1983. Thus, the procedure for amending municipal charters in section 166.031 prevails and would require referendum approval for any changes to the city's charter, except those specifically enumerated in sections 166.021 and 166.031, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 2.06, Art. II, Charter of the City of Winter Park.
[2] Division 1, section 2-49, Code of Ordinances, City of Winter Park
[3] See Ops. Att'y Gen. Fla. 2003-52 and 2003-36. Seealso Op. Att'y Gen. Fla. 88-30 (1988) (charter amendment provisions in s. 166.031, Fla. Stat., prevail over conflicting provisions in a municipal charter) and Op. Att'y Gen. Fla. 79-80 (1979) (city commission may not unilaterally amend its charter as it is bound by the provisions in s. 166.031, Fla. Stat.).Cf. s. 166.031(3), Fla. Stat., authorizing the amendment of a municipal charter pursuant to s. 166.031, Fla. Stat., notwithstanding any charter provisions to the contrary.
[4] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944), and Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976) (legislative directive as to how a thing shall be done is, in effect, a prohibition against its being done in any other manner).